*JH* 

# FILED

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

DEC 11 2012
DEC. 11, 2012 P.
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| KENNETH N. THOMPSON, SR., | ) |
| KEENAN T. THOMPSON | ) |
| | ) COMPLAINT FOR VIOLATION |
| Plaintiff, | ) OF CIVIL RIGHTS AND STATE |
| | ) SUPPLMENTAL CLAIMS |
| VS. | ) |
| VILLAGE OF MONEE, et al. | ) NO. 12 CV 05020 |
| | ) |
| | ) Honorable Amy J. St. Eve |
| | ) Magistrate Judge Jeffery T. Gilbert |

**FILED**
**12/17/2012**
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## SECOND AMENDED COMPLAINT FOR VIOLATION OF CONSTITUTIONAL RIGHTS

1. This is an action for money damages and a claim for violation of plaintiff's civil rights as protected by the Constitution and laws of the United States under 42 U.S.C. §§ 1983, 1985, and 1986 and the common law of the State of Illinois.

### JURISDICTION

2. The jurisdiction of this court is invoked pursuant to Civil Rights Act 42 U.S.C Section 1983 and 1985; the Judicial code 28 U.S.C. §§ 1331, 1343(a). And the Constitution of the United States; and pendent jurisdiction as provided under U.S.C Section 1367 (a).

### VENUE

3. Venue is proper in this Court pursuant to 28 U.S.C. _ 1391(b), in that the claims arose in the Northern District of Illinois as alleged below.

### UNDERLYING FACTS COMMON TO ALL COUNTS AND PARTIES

4. At all times relevant and herein mentioned, Plaintiff, Kenneth N Thompson, Sr ("THOMPSON" or "PLAINTIFF"). THOMPSON was and is a United States citizen and resides in the Northern District of Illinois.

5. At all times relevant and herein mentioned, Plaintiff, Keenan T. Thompson, ("**KEENAN**"). KENNAN was and is a United States citizen and resides in the Northern District of Illinois.

6. At all times relevant herein mentioned, defendants, Trustee Popp, Trustee Farquhar, Trustee Stockton (each a Trustee, collectively, "**TRUSTEES**") were United States citizens and resides in the Northern District of Illinois. TRUSTEES were employed by Village of Monee as Trustees and/or Board of Directors and acting under color of Illinois State and Federal law and as employee, agent, or representative of the Village of Monee. "TRUSTEES" in their position and under color and pretense of statues, ordinances, regulations, customs and usage of the State of Illinois, Will County and under color of State Law conspired with others to violate federal Law. The Trustees and/or Board of Directors are being sued in their official and individual/personal capacity.

7. At all times herein mentioned defendants CHIEF RUSSEL CARUSO ("CHIEF **CARUSO**") is or was a United States citizen and resides in the Northern District of Illinois. CARUSO was employed by Village of Monee Police Department as a Chief of Police and acting under color of state and federal law and as employee, agent, or representative of the Village of Monee Police Department. "CARUSO" in their position and under color and pretense of statues, ordinances, regulations, customs and usage of the State of Illinois, Will County and under color of State Law conspired with others to violate federal Law The Officer is being sued in his official and individual/personal capacity

8. At all times herein mentioned defendants CHIEF JOHN CIPKAR ("**CHIEF CIPKAR**") is or was a United States citizen and resides in the Northern District of Illinois. CHIEF CIPKAR was employed by Village of Monee Police Department as a Chief of Police and acting under color of state and federal law and as employee, agent, or representative of the Village of Monee Police Department. "CIPKAR" in their position and under color and pretense of statues, ordinances, regulations, customs and usage of the State of Illinois, Will County and under color of State Law conspired with others to violate federal Law The Officer is being sued in his official and individual/personal capacity.

9. At all times herein mentioned defendants, Officer Anthony Lazzaroni, Officer Chad Blake, Officer Cresecenti, Officer Fowler, Officer Cash, Officer Jones (each an Monee police officer, collectively, "**MONEE POLICE**"), were United States citizens and resides in the Northern District of Illinois. Each Monee Police Officer was employed by Village of Monee Police Department as a Police or Law enforcement officer and acting under color of state and federal law and as employee, agent, or representative of the

Village of Monee Police Department. "MONEE POLICE" in their position and under color and pretense of statues, ordinances, regulations, customs and usage of the State of Illinois, Will County and under color of State Law conspired with others to violate federal Law The Officers are being sued in their official and individual/personal capacity.

10. At all times herein mentioned defendant Michael Drumm ("DRUMM") is or was a United States citizen and resides in the Northern District of Illinois. DRUMM was employed by Village of Monee Police Department as a Police or Law enforcement officer and acting under color of state and federal law and as employee, agent, or representative of the Village of Monee Police Department. DRUMM in their position and under color and pretense of statues, ordinances, regulations, customs and usage of the State of Illinois, Will County and under color of State Law conspired with others to violate federal Law The Officer is being sued in his official and individual/personal capacity.

11. At all times herein mentioned, the VILLAGE OF MONEE ("THE VILLAGE") is a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the Village of Monee maintained, managed, and /or operated the Village of Monee Police Department.

12. At all times herein mentioned defendants Teresa Catey, Stanley Catey, Martin D. Bachand and Phyllis Bachand are United State citizens and residence of the Northern District of Illinois, (each, a neighbor, collectively, "NEIGHBORS") were residents in the Village of Monee, Will County, and Gorman Farms Estates and are being sued in their individual/personal capacity.

## AFFIDAVIT OF FACTS AND BACKGROUND ALLEGATIONS

13. On or August 15, 2007 "KEENAN" hosted a trunk party in celebration of him attending the University of Illinois at Urbana Champaign. "KEENAN's" Friends were harassed by the "MONEE POLICE" later on that night and two of "KEENAN'S" friends were wrongfully arrested.

14. On or around June 21, 2008 DRUMM" arrived at Plaintiff's home during Plaintiff's daughters 11 year old birthday party and DRUMM threatened to arrest Plaintiff alleging a "NEIGHBOR" called complaining about noise at Plaintiff's 3 acre Estate. The event consisted of 12 children from Chicago South Loop Elementary School.

15. On or around Sunday May 11, 2009 Plaintiff called Monee Police to request assistance because a trespasser was on Plaintiff's property and DRUMM tried to arrest Plaintiff but Plaintiff entered his home and locked the door based on advice from Attorney

Robert Sharp. **DRUMM** was not successful in arresting plaintiff and **DRUMM** then left Plaintiff property, this entire incident was video recorded and the Video recording was given to Chief CARUSO.

16. Based on Information and belief, on or around July 11, 2009 **"NEIGHBORS"** repeatedly used their residential land line phones and cellular phones and called Monee Police department numerous times and made false allegations against Plaintiffs family, friends, acquaintances and business associates to wit:

a) "Those colored folks are riding All Terrene Vehicles (ATV) on our property"

b) "Those Black people are playing loud music I want them arrested"

c) "Those Black people are walking on my property"

d) "Those colored folks are parking their cars on my Grass"

e) "Those colored folks are not cutting their grass and brining down my property value"

f) "Those Black people have their dog and toys are on my property"

17. On or around July 11, 2009 **Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones,** arrived at Plaintiff's HOME several times through-out the day while Plaintiff was celebrating his Birthday with seventy five (75) friends and business 2associates **Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones,** tried to arrest Plaintiff but Plaintiff entered his home and locked the door based on advice from Attorney Harvey Wright. **Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones,** was not successful in arresting plaintiff and **Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones,** then left Plaintiff's property but continued to return every hour.

18. On or around January 2, 2010 **Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones, and DRUMM** arrived at "KEENAN's" house late at night asking him to come to the police station or they would arrest him. **Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones, and DRUMM** threatened "KEENAN" and informed him if he did not come to police station he would be going to prison like his Dad. The situation of investigation leads to ridicule amongst "KEENAN's" friends at College and caused a lot of stress.

19. On or around January 3, 2010 **Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones, and DRUMM** busted down the front door from the hinges of Plaintiff's home alleging they had a warrant, Plaintiff called his Attorney Michael T Noris and then **"MONEE POLICE"** and **DRUMM"** left Plaintiff's residence and to date no explanation has been provided. Additionally, **DRUMM** rammed down the bedroom door of Plaintiff's thirteen year old daughter's.

20. On or around June 26, 2010 Plaintiff called Monee Police to have Guest removed from "Plaintiff's home and **"MONEE POLICE"** and **"DRUMM** arrested Plaintiff charged Plaintiff with several misdemeanors & felonies' including a DUI and **"MONEE POLICE"** and **"DRUMM"** unlawfully seized/towed Plaintiff's "KEENANS" car from out of Plaintiff's Garage. All charges were either not Guilty by Jury or disposed of or voluntary dismissed by prosecutor with the exception of one Failure to Yield charge which is still being adjudicated in the Circuit court of Will County. Plaintiff spent three (3) nights in Will County Jail, posted a Six-hundred Dollar ($600.00) Bond, paid a Fifteen Hundred-Dollar ($1,500.00) Fine to Village of Monee for a DUI, and paid Four-hundred Dollars ($400.00) vehicle tow charge. Plaintiff's legal fees have exceeded $10,000.00. **"CHIEF CARUSO", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones, and DRUMM** caused false charges to be brought against **"THOMPSON"**.

21. Based on Information and belief, on or around July 10, 2010 **"NEIGHBORS"** repeatedly used their residential land line phones and cellular phones and called Monee police department numerous times and made false allegations against Plaintiffs family, friends, acquaintances and business associates to wit:

    a) "Those colored folks are riding All Terrene Vehicles (ATV) on our property"
    b) "Those Black people are playing loud music I want them arrested"
    c) "Those Black people are walking on my property"
    d) "Those colored folks are parking their cars on my Grass"
    e) "Those colored folks are not cutting their grass and brining down my property value"
    f) "Those Black people have their dog and toys are on my property"
    g) "I know how to get rid of those people I work in the Jail system"

22. On or around July 10, 2010 **Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones,** arrived at Plaintiff's home several times throughout the day while Plaintiff was Hosting a business Networking Function with eighty five (85) friends and

business associates **Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones,** tried to arrest Plaintiff but Plaintiff entered his home and locked the door based on advice from Attorney James Hardemon. **Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones,** was not successful in arresting plaintiff and "**Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones,** then left Plaintiff's property, but continued to return throughout the day harassing Plaintiff's family, friends, and business associates frequently.

Officer Blake attempted to arrest Plaintiff. Plaintiff, under advice of legal counsel, Plaintiff entered his home locked the door and officer Blake attempted to enter Plaintiff's home but was stopped Residential security officer Hassen Gulen. A request for a search warrant was requested from Officer Blake but not produced and then Officer Blake left the private property of the Plaintiff. Officer Blake threatened the plaintiffs family, friends and business associates that he would be back to arrest plaintiff.

23. Based on Information and belief, on or around July 9, 2011 **"NEIGHBORS"** repeatedly used their residential land line phones and cellular phones and called Monee police department numerous times and made false allegations against Plaintiffs family, friends, acquaintances and business associates to wit:

a) "Those colored folks are riding All Terrene Vehicles (ATV) on our property" see exhibit 1

b) "Those Black people are playing loud music I want them arrested"
c) "Those Black people are walking on my property"
d) "Those colored folks are parking their cars on my Grass"
e) "Those colored folks are not cutting their grass and brining down my property value"
f) "Those Black people have their dog and toys are on my property"
g) "Those negro's are taking over Monee"

24. On July 9, 2011 **Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones, and DRUMM** arrived at Plaintiff's home several times throughout the day while Plaintiff was Hosting a business Networking Function with fifty five (55) friends and business associates **Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones,** tried to arrest Plaintiff, but Plaintiff entered his home and locked the door **"MONEE POLICE"** was not successful in arresting plaintiff and "**Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones,** then left Plaintiff's property,

but continued to returned throughout the day harassing Plaintiff's family, friends, and business associates frequently.

25. On July 17, 2011 **Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones,** arrived at Plaintiff's home and stated they need to arrest Plaintiff for Loud Music and Plaintiff was tired of running in the house and Plaintiff just told officer "okay arrest me". Plaintiff was charged with Disorderly Conduct/Loud Noise even though the Village of Monee does not have "a residential noise Ordinance Violation". This matter is pending before the Appellate Court.

26. On August 27, 2011 **Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones, wrongfully** arrested Plaintiff again. Plaintiff spent (3) three nights in Will County Jail posted a One-thousand Dollars ($1,000.00) bond. One February 8, 2012 said charges were terminated in "THOMPSON's" favor. **Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones, and DRUMM" caused** false charges to be brought against **"THOMPSON"** see exhibit 2

27. On June 26, 2010, July 17, 2011, and August 27, 2011 **Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones, and DRUMM** intentionally put the handcuffs on Plaintiff excessively tight which caused Plaintiff extreme pain and emotional distress.

28. On January 3, 2010 **Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones,** searched Plaintiff's house. No contraband or evidence of criminal activity was found and no arrest or criminal charges were instituted against Plaintiff.

29. On January 3, 2010, June 26, 2010, July 17, 2010, and August 27, 2011 Plaintiff was searched. No contraband or evidence of criminal activity was found.

30. On January 3, 2010, June 26, 2010, July 17, 2010, and August 27, 2011 there was not probable cause or any other legal justification to arrest or seize Plaintiff.

31. On January 3, 2010, June 26, 2010, July 17, 2010, and August 27, 2011 Plaintiff had not violated any city, state or federal law. **Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones, and DRUMM** did not have any reason to believe that Plaintiff had violated, or was about to violate, any city, state or federal law. **Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones, and DRUMM** did not have an arrest warrant, probable cause, reasonable suspicion, consent, or any other lawful basis to detain, or search Plaintiff.

32. On January 3, 2010, June 26, 2010, July 17, 2010, and August 27, 2011 **Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones, and DRUMM** did not have a search warrant, probable cause, exigent circumstances, or any other legal justification to search Plaintiffs home. Plaintiff was charged with case docketed in the Will County Circuit Court as:

    a. People v. Thompson, June 26, 2010 Arrest = 2010TR055874, 2010TR055872, 2010TRO55871, 2010DT001050, 2010TR055873, 2010DT001050,

    b. Monee v. Thompson, July 17, 2011     Arrest = 2011OV004012

    c. People v. Thompson ,August 27, 2011 Arrest = 2011CM002811


33. **"CHIEF CARUSO", "CHIEF CIPKAR" ,Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones and DRUMM, Trustee's Popp, Farquhar and Stockton,  and Martin D. Bachand, Phyllis Bachand, Stanley Catey and Teresa Catey**, then conspired and acted together to cover up the false arrest of Plaintiff without probable cause or legal authority.

34. Defendants **"CHIEF CARUSO", "CHIEF CIPKAR" Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones and DRUMM, Trustee's Popp, Farquhar and Stockton, and Phyllis Bachand, Stanley Catey and Teresa Catey** acted willfully and wantonly, maliciously, and with a conscious disregard and deliberate indifference to Plaintiff' & **"KEENAN"** rights.

35. As a direct and proximate result of the acts of the **"CHIEF CARUSO", "CHIEF CIPKAR" ,Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones and DRUMM, Trustee's Popp, Farquhar and Stockton,  and Martin D. Bachand, Phyllis Bachand, Stanley Catey and Teresa Catey** described above, Plaintiff suffered damages including loss of physical liberty, physical pain and suffering, emotional distress, and pecuniary damages including medical expenses, attorney fees, monies posted for bond, lost wages, property damage, and humiliation.

36. **"CHIEF CARUSO", "CHIEF CIPKAR" ,Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones and DRUMM, Trustee's Popp, Farquhar and Stockton, and Martin D. Bachand, Phyllis Bachand, Stanley Catey and Teresa Catey** made out false and incomplete official reports and gave a false and incomplete version of the events to other police officers investigating the afore mentioned  incident in order to cover up his/her and their own misconduct.

37. Each individual **"CHIEF CARUSO","CHIEF CIPKAR", "Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones, and DRUMM** personally participated in the unlawful conduct, and acted jointly and in concert with the **Martin D. Bachand, Phyllis Bachand, Stanley Catey and Teresa Catey** who participated or acquiesced in the unlawful conduct.

38. Each individual **"CHIEF CARUSO","CHIEF CIPKAR", ""MONEE POLICE", Trustee's Popp, Farquhar and Stockton, and "DRUMM"** knew of and condoned the unlawful conduct, and/or failed to intervene to stop other law enforcement officers from engaging in the unlawful conduct.

## JURY DEMAND

39. The Plaintiff herby demands a trial by Jury.

## COUNT I
### Title 42 U. S. C subsections 1982, 1983 and 1985 (3) CIVIL RIGHTS CONSPIRACEY AGAINST "CHIEF CARUSO", "CHIEF CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones and "DRUMM", Trustee's Popp, Farquhar and Stockton, and Martin D. Bachand, Phyllis Bachand, Stanley Catey and Teresa Catey.

NOW COMES Plaintiff Kenneth N Thompson, Sr., PRO SE, and for COUNT I of his complaint, and complaining of the defendants, **"CHIEF CARUSO" CHIEF "CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash, Jones and DRUMM, ustee's Popp, Farquhar and Stockton, and Martin D. Bachand, Phyllis Bachand, Stanley Catey and Teresa Catey**

40. Plaintiff readopts and restates paragraphs 1 through 39 above as specifically alleged herein.

41. This count is brought pursuant to 42 U.S.C. A 1982, All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property, section 1983, as amended by and through 42 U.S.C.A 42, section 1985 (3) of Title 42 of the United States code making it unlawful for two (2) or more persons to conspire

against another person to violate federally protected rights secured by the United States Constitution.

42. Defendants **"CHIEF CARUSO", "CHIEF CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones and DRUMM, Trustee's Popp, Farquhar and Stockton, and Martin D. Bachand, Phyllis Bachand, Stanley Catey and Teresa Catey** (Trustee's Popp, Farquhar and Stockton, Monee Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones) acted in concert pursuant to an agreement to unlawfully deprive Plaintiff of his constitutional rights protected by the First, Fourth and Fourteenth Amendment of the constitution.

43. Defendants **"CHIEF CARUSO", "CHIEF CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash, Jones and DRUMM, Trustee's Popp, Farquhar and Stockton, AND Martin D. Bachand, Phyllis Bachand, Stanley Catey and Teresa Catey** knowingly and intentionally schemed and worked together in a common plan to basically racially discriminate against Plaintiff due to the race/color and try and Force Plaintiff to move from the community by filing numerous false allegations against Plaintiff, Plaintiffs Family, Plaintiff's business associates and Plaintiffs Friends.

44. Defendants **"CHIEF CARUSO", "CHIEF CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash, Jones and DRUMM, Trustee's Popp, Farquhar and Stockton, AND Martin D. Bachand, Phyllis Bachand, Stanley Catey and Teresa Catey** then conspired and acted together to cover up the several false arrest of the Plaintiff that lacked probable cause or legal authority.

45. **Defendants CHIEF CARUSO","CHIEF CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones and DRUMM, Trustee's Popp, Farquhar and Stockton,** made out false and incomplete official reports and gave a false and incomplete versions of the events to other police officers investigating the incident in order to cover up his/her and their own misconduct.

46. Defendants **"CHIEF CARUSO","CHIEF CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones and DRUMM, Trustee's Popp, Farquhar and Stockton, and Martin D. Bachand, Phyllis Bachand, Stanley Catey and Teresa Catey** aforementioned acts were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in the amount to be ascertained according to proof at the time of trial.

47. On or around **June 21 2008**, "NEIGHBORS" conspired with **"CHIEF CARUSO", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash, Jones, and DRUMM** to harass, oppress and racially discriminate against Plaintiff and Plaintiff's family because of their race/color and that:

    During Plaintiff's 11 year old daughter's birthday party police records, police reports, and phone records will show **"NEIGHBORS"** Called 911 and non emergency numbers to the Village of Monee Police department and instituted false allegations against Plaintiff and Plaintiff's family such as "Plaintiff and his children have been riding ATV's on neighbors property", "Plaintiff and his children have loud music".

    **"CHIEF CARUSO", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones and DRUMM** Racially discriminated against Plaintiff and Plaintiff's family because of African American decent and refused to thoroughly investigate incidents and verify validity of **"NEIGHBORS"** allegations, but when Caucasian neighbors complained against Caucasian neighbors for similar matters, Monee Police thoroughly investigated the matter for truthfulness.

    **"CHIEF CARUSO", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones, and DRUMM** threatened Plaintiff, Plaintiff's children and plaintiff's guest with excessive fines and immediate arrest [see exhibit A affidavit of L. McAllister]

48. On or around **July 12, 2008**, "NEIGHBORS" conspired with **"CHIEF CARUSO", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones, and DRUMM"** to harass, oppress and racially discriminate against Plaintiff and Plaintiff's families and that:

    During Plaintiff's Birthday event police reports, police records, and phone records will show **"NEIGHBORS"** Called 911 and non emergency numbers to the Village of Monee

Police department and instituted false allegations against Plaintiff and plaintiff's family such as "Plaintiff and his children have been riding ATV's on neighbors property", "Plaintiff and his children have loud music".

**"CHIEF CARUSO", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones and DRUMM** Racially discriminated against Plaintiff and Plaintiff's family because of African American decent and refused to thoroughly investigate matter and verify validity of **"NEIGHBORS"** allegations, but when Caucasian neighbors complained against Caucasian neighbors for similar matters, Monee Police thoroughly investigated the matter for truthfulness.

**"CHIEF CARUSO", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones and DRUMM** threatened Plaintiff, Plaintiff's children and Plaintiff's guest with excessive fines and immediate arrest.

49. On or around **June 20, 2009, "NEIGHBORS"** conspired with **"CHIEF CARUSO", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash, Jones and DRUMM** to harass, oppress and racially discriminate against Plaintiff and Plaintiff's family and that:

During Plaintiff's 12 year old daughter's birthday party police reports, police records, and phone records will show **"NEIGHBORS"** Called 911 and non emergency numbers to the Village of Monee Police department and instituted false allegations against Plaintiff and plaintiff's family such as "Plaintiff and his children have been riding ATV's on neighbors property", "Plaintiff and his children have loud music".

**"CHIEF CARUSO", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash, Jones and DRUMM** racially discriminated against Plaintiff and Plaintiff's family because of African American decent and refused to thoroughly investigate matter and verify validity of **"NEIGHBORS"** allegations, but when Caucasian neighbors complained against Caucasian neighbors for similar matters, Monee Police thoroughly investigated the matter for truthfulness.

**"CHIEF CARUSO", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones and DRUMM"** threatened Plaintiff, Plaintiff's children and plaintiff's guest with excessive fines and immediate arrest [see exhibit B affidavit of D. Williams]

50. On or around **July 11, 2009, "NEIGHBORS"** conspired with **"CHIEF CARUSO", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash, Jones, and DRUMM** to

harass, oppress and racially discriminate against Plaintiff and Plaintiff's families and that:

Plaintiff's hosted a business networking event at Plaintiff's residence and police reports, police records, and phone records will show **"NEIGHBORS"** Called 911 and non emergency numbers to the Village of Monee Police department sixteen (16) times and instituted false allegations against Plaintiff, Plaintiff's family and Plaintiff's business associates such as "Plaintiff and his children have been riding ATV's on neighbors property", "Plaintiff and his children have loud music".

**"CHIEF CARUSO", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones and DRUMM** racially discriminated against Plaintiff and Plaintiff's family because of African American decent and refused to thoroughly investigate matter and verify validity of **"NEIGHBORS"** allegations, but when Caucasian neighbors complained against Caucasian neighbors for similar matters, Monee Police thoroughly investigated the matter for truthfulness.

**"CHIEF CARUSO", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash, Jones, and DRUMM** threatened Plaintiff, Plaintiff's children and plaintiff's guest with excessive fines and immediate arrest [see exhibit C affidavit of S. Henderson]

51. On or around **July 10, 2010, "NEIGHBORS"** conspired with **"CHIEF CARUSO", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash, Jones, and DRUMM** to harass, oppress and racially discriminate against Plaintiff and Plaintiff's family and that:

Plaintiff's hosted a business networking event at Plaintiff's residence and police reports, police records, and phone records will show **Phyllis Bachand, Stanley Catey and Teresa Catey** Called 911, non emergency numbers to the Village of Monee Police department and personal cellular phones of Monee police officers thirteen (13) times and instituted false allegations against Plaintiff, Plaintiff's family, and Plaintiff's business associates such as "Plaintiff and his children have been riding ATV's on neighbors property", "Plaintiff and his children have loud music".

**"CHIEF CARUSO", MONEE POLICE", and "DRUMM"** racially discriminated against Plaintiff and Plaintiff's family because of African American decent and refused to thoroughly investigate matter and verify validity of **Phyllis Bachand, Stanley Catey and Teresa Catey** allegations, but when Caucasian neighbors complained against

Caucasian neighbors for similar matters, Monee Police thoroughly investigated the matter for truthfulness.

**"CHIEF CARUSO", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash, Jones and DRUMM** Officer Blake attempted to arrest Plaintiff. Plaintiff then notified his attorney and under advice of Plaintiffs legal counsel, Plaintiff entered his home locked the door and officer Blake attempted to enter Plaintiff's home but was stopped Residential security officer Hassen Gulen. Mr. Gulen request for a search warrant was requested from Officer Blake but not produced and then Officer Blake left the private property of the Plaintiff. Officer Blake threatened all Guest that he would be back to arrest plaintiff [ see exhibit D affidavit of Attorney H Wright]

52. On or around **August 15, 2010** Plaintiff and Plaintiff's family was utilizing their swimming pool and Hot Tub on a Sunday afternoon and police reports, police records, and phone records will show **Phyllis Bachand, Stanley Catey and Teresa Catey** Called 911 and non emergency numbers to the Village of Monee Police department and instituted false allegations against Plaintiff and Plaintiff's family such as "Plaintiff and his children have been riding ATV's on neighbors property", "Plaintiff and his children have loud music".

**"CHIEF CARUSO", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash, Jones and DRUMM**  racially discriminated against Plaintiff and Plaintiff's family because of African American decent and refused to thoroughly investigate matter and verify validity of **Phyllis Bachand, Stanley Catey and Teresa Catey** allegations, but when Caucasian neighbors complained against Caucasian neighbors for similar matters, Monee Police thoroughly investigated the matter for truthfulness.

**"CHIEF CARUSO", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash, Jones and DRUMM** threatened Plaintiff, Plaintiff's children and plaintiff's guest with excessive fines and immediate arrest [see exhibit E affidavit of A Ashford]

53. On or around **July 9, 2011** and **July 7, 2011** **Phyllis Bachand, Stanley Catey and Teresa Catey** conspired with **"CHIEF CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash, Jones and DRUMM and Trustee's Popp, Farquhar and Stockton,** to harass, oppress and racially discriminate against Plaintiff and Plaintiff's families and that:

Plaintiff's hosted a business networking event at Plaintiff's residence and police reports, police records, and phone records will show **Phyllis Bachand, Stanley Catey and Teresa Catey** Called 911, non emergency numbers to the Village of Monee Police department and personal cellular phones of Monee police officers twenty one times (21) times and instituted false allegations against Plaintiff, Plaintiff's family, and Plaintiff's business associates such as "Plaintiff and his children have been riding ATV's on neighbors property", "Plaintiff and his children have loud music".

**"CHIEF CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash, Jones and DRUMM and Trustee's Popp, Farquhar and Stockton,** racially discriminated against Plaintiff Plaintiff's family and Plaintiff's business associates because of African American decent and refused to thoroughly investigate matter and verify validity of **Phyllis Bachand, Stanley Catey and Teresa Catey** allegations, but when Caucasian neighbors complained against Caucasian neighbors for similar matters, Monee Police thoroughly investigated the matter for truthfulness.

**"CHIEF CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash, Jones and DRUMM** Officer Crescenti threatened to arrest Plaintiff and a participant at the event, Attorney Tim Tyler, engaged in conversation with officer Cresecenti and instructed Officer Cresecenti to " GO Ahead and Arrest Mr. Thompson because there are several other events in the neighborhood...why have you not interrupted their events", officer Cresecenti then left. [See exhibit F = F1 affidavit of Attorney T. Tyler ]

54. On or around **July 17, 2011 through August 22, 2011 "NEIGHBORS"** conspired with **"CHIEF CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash, Jones and DRUMM and Trustee's Popp, Farquhar and Stockton,** create false police reports, to harass, oppress and racially discriminate against Plaintiff and Plaintiff's family and that:

Plaintiff's hosted a business networking event at Plaintiff's residence and police reports, police records, and phone records will show **"NEIGHBORS"** Called 911, non emergency numbers to the Village of Monee Police department and personal cellular phones of Monee police officers and instituted false allegations against Plaintiff and Plaintiff's family such as, "Plaintiff and his children have loud music".

**"CHIEF CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash, Jones and DRUMM and Trustee's Popp, Farquhar and Stockton,** racially discriminated against Plaintiff and Plaintiff's family because of African American decent and refused to thoroughly investigate matter and verify validity of **Phyllis Bachand, Stanley Catey and Teresa Catey** allegations, but when Caucasian neighbors complained against Caucasian neighbors for similar matters, Monee Police thoroughly investigated the matter for truthfulness.

On **July 13, 2011** Trustee Stockton intentionally misled the Village of Monee Board of Directors by informing the Board members that there was a "Residential Noise Ordinance" in place for loud noise when in fact he was fully aware that no such ordinance exists. [See Exhibit G – G4

Officer Cresecenti approached Plaintiff at his residence On July 17, 2011 and arrested Plaintiff for Disorderly conduct alleging loud noise sees attached Police reports that were concocted and inherently implausible [see exhibit 3 Mona Heradda]

55. That on the aforesaid dates and the aforesaid times and Pursuant to policies, procedures and customs of the Village of Monee, defendants **"CHIEF CARUSO", "CHIEF CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash, Jones and DRUMM Trustee's Popp, Farquhar and Stockton, and Martin D. Bachand, Phyllis Bachand, Stanley Catey and Teresa Catey** Directly violated 42 USC 1983, First Amendment, Fourth Amendment and Fourteenth Amendment of the constitution, and violated "THOMPSON's", "KEENAN" and Plaintiffs Family's constitutional right to quiet enjoyment of their home, cruel and unusual punishment and civil conspiracy.

a. **"NEIGHBORS"** Fabricating False complaints to the Monee Police for the purposes of continued Harassment AND TO DEPRIVE Plaintiff the right to enjoy Plaintiff's dwelling.

b. **"CHIEF CARUSO", "CHIEF CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash, Jones and DRUMM ,Trustee's Popp, Farquhar and Stockton, and Martin D. Bachand, Phyllis Bachand, Stanley Catey and Teresa Catey** conspired collectively to Design and implement a illegal scheme to deprive "THOMPSON", "KEENAN" and "THOMPSON's FAMILY" the right to free from discriminatory actions and peaceful enjoyment of their home.

c. **"CHIEF CARUSO", "CHIEF CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash, Jones and DRUMM ,Trustee's Popp, Farquhar and Stockton,** constantly harassed "THOMPSON" by continuously trespassing on Plaintiff's property and threatening to arrest plaintiff in an excess of over FIFTY times in the past five (5) years.

d. The scheme including **"CHIEF CARUSO", "CHIEF CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash, Jones and DRUMM", "TRUSTEES"** assisting **Phyllis Bachand, Stanley Catey and Teresa Catey** with drafting false documents for the purposes of wrongfully arresting plaintiff.

56. As described above, Plaintiff suffered harm and injury as a result of Defendants **"CHIEF CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash, Jones and DRUMM, Trustee's Popp, Farquhar and Stockton,   AND Martin D. Bachand, Phyllis Bachand, Stanley Catey and Teresa Catey** conspiracy to deprive the Plaintiff of his constitutional rights.

57. On or around August 15, 2001, June 21, 2008, May 11, 2009, July 11, 2009, January 2, 2010, June 26, 2010, July 10, 2010, July 9, 2011, July 17, 2011 and August 27, 2011 **"CHIEF CARUSO", "CHIEF CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash, Jones and DRUMM, Trustee's Popp, Farquhar and Stockton,** disregarded their duties as stated and therein acted in total disregard for the safety and constitutional rights of Plaintiff, KEENAN, and Plaintiffs Family's in one or more of the following respects:

a. Did Verbally abuse and harass Plaintiff

b. Did physically batter, assault, abuse, intimidate and harass Plaintiff.

c. Falsify police records and reports

d. Created false evidence and Wrongfully arrest Plaintiff

e. Force plaintiff to stay in his home to prevent from being wrongfully arrested

f. Injured Plaintiffs children, family and business associates where they were scared to attend and participate in outdoor events at plaintiffs Home due to excessive harassment by police

g.  Extensive financial burden on Plaintiff for legal fees

h.  Three years of traveling back and forth to Joliet, Illinois Will County Court fighting for Plaintiffs rights.

i.  Loss of Work and business clients

58. By reason of defendant's above-described acts and omission, Plaintiff's sustained damages and injuries, including but not limited to:

a.  Interfered and prevented the enjoyment of plaintiffs home
b.  Pain and suffering
c.  Loss of physical liberty
d.  Humiliation and indignities,
e.  Mental anguish and emotional pain and suffering
f.  Loss of wages
g.  Loss of business accounts with local Will County Sheriffs and Illinois State Police.
h.  Defamation of Character
i.  Excessive legal expenses
j.  Directly and Indirectly Instituted Financial Hardship against Plaintiff
k.  All to his damage in the amount to be ascertained.

59. The action committed by defendants described above were undertaken within the scope of their employment as police officers and Trustees of the Village of Monee, in official capacity each defendant acted under the color of State Law when they violated the Constitution of the United States of America Fourth and Fourteenth Amendments and Illinois law.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers, **"CHIEF CARUSO", "CHIEF CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash, Jones and DRUMM, Trustee's Popp, Farquhar and Stockton, AND Martin D. Bachand, Phyllis Bachand, Stanley Catey and Teresa Catey.**

b) Award Plaintiff $200,000 in compensatory damages.

c) Award Plaintiff $1,000,000 in punitive damages.

d) All pervious Attorney Fees that Plaintiff has incurred for above matters.

e) Award any further relief that this Honorable Court deems just and equitable.

## COUNT II
### TITLE 42 U.S.C subsection 1983 EXCESSIVE FORCE AGAINST "CHIEF CARUSO", "CHIEF CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash, Jones and DRUMM

NOW COMES Plaintiff Kenneth N Thompson, Sr., PRO SE, and for COUNT II of his complaint, and complaining of the defendants, **"CHIEF CARUSO", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash, Jones and DRUMM,** and states as followed:

60.  Plaintiff restates and readopts Paragraphs 1 through 59 as paragraph 59 of Count 1.

61.  **"CHIEF CARUSO", MONEE POLICE", "DRUMM",** violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

62.  On or around June 26, 2010 **"DRUMM",** used excessive force that purported to his official duties as police officers. **"DRUMM",**

    a.  **"DRUMM"** held a gun to the Plaintiff's head while plaintiff was inside his residential garage that is attached to plaintiffs home.

    b.  **"DRUMM",** then excessively choked the Plaintiff around his neck preventing plaintiff from breathing resulting in plaintiff becoming very faint.

    c.  **"DRUMM",** then proceeded to slam the Plaintiff on the concrete ground face First

Page 19 of 66

d. **'DRUMM',** then brutally jabbed both his knees into the Plaintiff's back causing immediate extreme pain to plaintiff.

e. **'DRUMM'** placed Plaintiff in the back of his squad car by placing his hands on Plaintiff's head applying extreme pressure then forcefully pushing Plaintiff to the seat while jabbing Plaintiff in the neck with his closed fist.

**"CHIEF CARUSO", and Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones** had already been notified of DRUMM's previous attempts to arrest and harass the Plaintiff. The defendant's use of excessive force was a substantial factor in causing the Plaintiff harm. All citizens, including people accused or convicted of crimes, are protected from the violence at the hands of officers.

63. On Jun 26, 2010 Defendants officer **DRUMM** used a level of force on Plaintiff greater than that which was reasonably necessary under the circumstances and said force was not used in good faith to restore or maintain discipline, but for the purpose of causing intentional harm.

64. On June 17, 2011 Officer Cresenti arrested Plaintiff for false allegations of loud and vulgar music at which time the Handcuffs were squeezed extremely tight on Plaintiffs wrist causing extreme pain and unnecessary discomfort.

65. **"CHIEF CIPKAR"** in his new position was aware of the history and problems that Plaintiff had with "MONEE POLICE" but refused to intervene, terminate and prevent future abuse and excessive force.

66. By reason of defendant's above-described acts and omission, Plaintiff's sustained injuries, including but not limited to:

   a. Interfered and prevented the enjoyment of plaintiffs home
   b. Wrongful arrest
   c. Humiliation and indignities,
   d. Mental and emotional pain and suffering
   e. Loss of wages
   f. Loss of business accounts with local Will County Sheriffs and Illinois State Police.

    g. Defamation of Character and Excessive legal expenses
    h. Directly and Indirectly Instituted Financial Hardship against Plaintiff
    i. All to his damage in the amount to be ascertained.

67. The action committed by defendants described above were undertaken within the scope of their employment as police officers and Trustees of the Village of Monee, in official capacity each defendant acted under the color of State Law when they violated the Constitution of the United States of America Fourth and Fourteenth Amendments and Illinois law.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers, **"CHIEF CARUSO", "CHIEF CIPKAR" MONEE POLICE", "DRUMM"**

b) Award Plaintiff $250,000 compensatory and punitive damages.

c) All pervious Attorney Fees that Plaintiff has incurred for above matters.

d) Award any further relief that this Honorable Court deems just and equitable.

### COUNT III
### TITLE 42 U.S.C subsection 1983 MONELL CLAIM AGAINST VILLAGE OF MONEE

68. Plaintiff readopts and restates paragraphs 1 through 67 as paragraph 67 of Count II.

69. At all times material to this Complaint, there existed in the TOWN OF MONEE the following practices, policies and customs:

    a. False arrests, use of excessive force, and conducting illegal searches,

    b. denying needed medical care to arrestees,

    c. a *code of silence* in which police officers fail to report police misconduct,

    d.  failure to adequately train, supervise and discipline police officers in the categories and fields of police work addressed above,

    e.  failure to adequately investigate citizen complaints against police officers,

70.  The actions of the **"CHIEF CAURSO", "CHIEF CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash, Jones and DRUMM** as alleged in this Complaint were done pursuant to, and as a result of, one or more of the above *de facto* practices, policies and customs of the TOWN OF MONEE, the Monee Police Department, and its police officers.

71.  By reason of defendant's above-described acts and omission, Plaintiff's sustained damages and injuries, including but not limited to:

    a.  Interfered and prevented the enjoyment of plaintiffs home
    b.  Pain and suffering
    c.  Loss of physical liberty
    d.  Humiliation and indignities,
    e.  Mental anguish and emotional pain and suffering
    f.  Loss of wages
    g.  Loss of business accounts with local Will County Sheriffs and Illinois State Police.
    h.  Defamation of Character
    i.  Excessive legal expenses
    j.  Directly and Indirectly Instituted Financial Hardship against Plaintiff
    k.  All to his damage in the amount to be ascertained.

72.  The action committed by defendants described above were undertaken within the scope of their employment as police officers and Trustees of the Village of Monee, in official capacity each defendant acted under the color of State Law when they violated the Constitution of the United States of America Fourth and Fourteenth Amendments and Illinois law.

WHEREFORE, Plaintiff asks that this Honorable Court:

    a) Enter judgment against Defendant TOWN OF MONEE.

b) Award Plaintiff $100,000 compensatory damages.

c) All pervious Attorney Fees that Plaintiff has incurred for above matters.

d) Award any further relief that this Honorable Court deems just and equitable

## COUNT IV
### TITLE 42 U.S.C subsection 1983 MONELL CLAIM AGAINST MONELL CLAIM AGAINST VILLAGE OF MONEE

Plaintiff readopts and restates paragraphs 1 through 72 as paragraph 72 of Count III.

73. At all times material to this Complaint, there existed in the TOWN OF MONEE the following practices, policies and customs:

a. stopping, detaining, arresting, and searching persons without a warrant, probable cause, reasonable suspicion, consent, or any other legal basis,

b. searching persons-= vehicles without a warrant, probable cause, reasonable suspicion, consent, or any other legal basis,

c. searching persons= homes without a warrant, probable cause, reasonable suspicion, consent, or any other legal basis,

d. arbitrary use of excessive force against suspects, arrestees, detainees and other civilians,

e. denying medical care to arrestees, including those who have been beaten by police officers,

f. denial of substantive due process, abuse of legal process, malicious prosecution, and filing of false charges against innocent persons, mental abuse, oral abuse and assault of arrestees, detainees, and other civilians,

g. preparing false and incomplete police reports, and/or not preparing police reports, to cover up police misconduct including unconstitutional searches and seizures,

h. filing false charges and pursuing baseless prosecutions in order to protect police officers from claims of improper conduct and avoid liability,

i. a *code of silence* in which police officers fail to report police misconduct,

    j.    said *code of silence* also includes police officers either remaining silent or giving false and misleading information during trials and official investigations to cover up misconduct, and protect themselves and other officers,

    k.    failure to adequately train, supervise and discipline police officers in the categories and fields of police work addressed above,

    l.    failure to adequately investigate citizen complaints against police officers,

    m.    failure to adequately discipline police officers for misconduct,

74.    The actions of the **"CHIEF CAURSO", "CHIEF CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones, , and DRUMM"** as alleged in this Complaint were done pursuant to, and as a result of, one or more of the above *de facto* practices, policies and customs of the TOWN OF MONEE, the Monee Police Department, and its police officers. One or more of the following entities, authorities and officials are responsible for the policies, practices and customs alleged above: the Mayor of Monee, the Monee Board of directors & Trustees, the Monee Police Department, the Monee Police Board (to which the TOWN OF MONEE has delegated *de jure* final policy-making authority for the MONEE Police Department), the members of the Monee Police Board, the Office of Professional Standards, and the Superintendent (to whom the TOWN OF MONEE has delegated *de facto* final policy-making authority for the Monee Police Department regarding the matters complained of herein).

The practices, policies and customs described above are widespread, permanent and well-settled, and were known, or should have been known, to the municipal policy-makers of the TOWN OF MONEE. The municipal policy-makers of the CITY TOWN OF MONEE acted with deliberate indifference in maintaining, overlooking and preserving the unconstitutional practices, policies and customs delineated above.

75. By their inaction and failure to correct the above-described practices, policies and customs, municipal policy-makers tacitly approve and thus indirectly authorize the type of misconduct Plaintiff complains of herein.

76. By reason of defendant's above-described acts and omission, Plaintiff's sustained damages and injuries, including but not limited to:

     a. Interfered and prevented the enjoyment of plaintiffs home
     b. Pain and suffering
     c. Loss of physical liberty
     d. Humiliation and indignities,
     e. Mental anguish and emotional pain and suffering
     f. Loss of wages
     g. Loss of business accounts with local Will County Sheriffs and Illinois State Police.
     h. Defamation of Character
     i. Excessive legal expenses
     j. Directly and Indirectly Instituted Financial Hardship against Plaintiff
     k. All to his damage in the amount to be ascertained.

77. The action committed by defendants described above were undertaken within the scope of their employment as police officers and Trustees of the Village of Monee, in official capacity each defendant acted under the color of State Law when they violated the Constitution of the United States of America Fourth and Fourteenth Amendments and Illinois law.

WHEREFORE, Plaintiff asks that this Honorable Court:

     a) Enter judgment against Defendant TOWN OF MONEE,

     b) Award Plaintiff $150,000 compensatory damages.

     c) All pervious Attorney Fees that Plaintiff has incurred for above matters.

     d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT V

**TITLE 42 U.S.C subsection 1983 UNREASONABLE SEIZURE AGAINST
TRUSTEES", "CHIEF CIPKAR", Police Officers Lazzaroni, Blake, Cresenti,
Fowler, Cash and Jones, and DRUMM",.**

78.   Plaintiff readopts and restates paragraphs 1 through 78 as paragraph 78 of Count IV.

79.   On or around June 26, 2010, July 17, 2011 and August 27, 2011 **"CHIEF CAURSO",
      "CHIEF CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and
      Jones, and DRUMM",** seized Plaintiff without a warrant and did not have a reasonable
      suspicion, or probable cause. The Fourth Amendment to the United States Constitution
      guards against unreasonable searches and seizures. The Plaintiff was not involved in any
      criminal activity or connected to a crime in anyway. The Plaintiff did not give the
      **"CHIEF CAURSO", "CHIEF CIPKAR", Police Officers Lazzaroni, Blake,
      Cresenti, Fowler, Cash and Jones and DRUMM,** any reason to seize him.

80.   **"CHIEF CAURSO", "CHIEF CIPKAR", Police Officers Lazzaroni, Blake,
      Cresenti, Fowler, Cash, Jones and DRUMM,** did not have any other legal
      justification to seize Plaintiff and deprived the Plaintiff oh his liberty to enjoy the
      dominion over his property and/or Plaintiff himself when the **"CHIEF CAURSO",
      "CHIEF CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and
      Jones and DRUMM,** seized the Plaintiff.

81.   By reason of defendant's above-described acts and omission, Plaintiff's sustained
      damages and injuries, including but not limited to:

      a.  Interfered and prevented the enjoyment of plaintiffs home
      b.  Pain and suffering
      c.  Loss of physical liberty
      d.  Humiliation and indignities,
      e.  Mental anguish and emotional pain and suffering
      f.  Loss of wages
      g.  Loss of business accounts with local Will County Sheriffs and Illinois State
          Police.

      h.  Defamation of Character and Excessive legal expenses

      i.  Directly and Indirectly Instituted Financial Hardship against Plaintiff

      j.  All to his damage in the amount to be ascertained.

82.  The action committed by defendants described above were undertaken within the scope of their employment as police officers and Trustees of the Village of Monee, in official capacity each defendant acted under the color of State Law when they violated the Constitution of the United States of America Fourth and Fourteenth Amendments and Illinois law.

WHEREFORE, Plaintiff asks that this Honorable Court:

      a) Enter judgment against Defendant-Officers, **"CHIEF CAURSO", "CHIEF CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones, and DRUMM"**

      b) Award Plaintiff $100,000 compensatory and punitive damages.

      c) All pervious Attorney Fees that Plaintiff has incurred for above matters.

      d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT VI
### TITLE 42 U.S.C subsection 1983 FAILURE TO INTERVENE AGAINST , "CHIEF CAURSO", "CHIEF CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones, and DRUMM"

83.  Plaintiff readopts and restates paragraphs 1 through 83 as paragraph 83 of Count V.

84.  On or around Jun 26, 2010 Officer Drumn used excessive force which included placing a gun to "THOMPSON: head, Choking "THOMPSON", slamming "THOMPSON" on the ground face first, Placing his knees in "THOMPSONS" back, handcuffed "THOMPSON" the while planning "THOMPSON" in police car Officer DRUMN punched "THOMPSON" in the neck.

85. Plaintiffs had already complained to **"CHIEF CAURSO", "CHIEF CIPKAR** about officer Drumn's previous attempts to harass and arrest "THOMPSON"

86. While Plaintiff was subjected to excessive force as described above, Defendant-Officers **Cresenti, Fowler, Cash and Jones** had an opportunity to intervene, but chose not to intervene.

87. Defendant-Officers were deliberately indifferent to Plaintiffs right to be free from Excessive and unreasonable force.

88. By reason of defendant's above-described acts and omission, Plaintiff's sustained damages and injuries, including but not limited to:

   a. Interfered and prevented the enjoyment of plaintiffs home
   b. Pain and suffering
   c. Loss of physical liberty
   d. Humiliation and indignities,
   e. Mental anguish and emotional pain and suffering
   f. Loss of wages
   g. Loss of business accounts with local Will County Sheriffs and Illinois State Police.
   h. Defamation of Character and Excessive legal expenses
   i. Directly and Indirectly Instituted Financial Hardship against Plaintiff
   j. All to his damage in the amount to be ascertained.

89. The action committed by defendants described above were undertaken within the scope of their employment as police officers and Trustees of the Village of Monee, in official capacity each defendant acted under the color of State Law when they violated the Constitution of the United States of America Fourth and Fourteenth Amendments and Illinois law.

WHEREFORE, Plaintiff asks that this Honorable Court:

   a) Enter judgment against Defendant-Officers, **TRUSTEES", "CHIEF CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones  and DRUMM**

   b) Award Plaintiff $100,000.00 compensatory and punitive damages,

c) All pervious Attorney Fees that Plaintiff has incurred for above matters.

d) Award any further relief that this Honorable Court deems just and equitable.

**COUNT VII**
**TITLE 42 U.S.C subsection 1983 EQUAL PROTECTION CLASS OF ONE**
**AGAINST TRUSTEES", "CHIEF CARRUSO, "CHIEF CIPKAR", Police**
**Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones and DRUMM and**
**Martin D. Bachand, Phyllis Bachand, Stanley Catey and Teresa Catey**

90. Plaintiff readopts and restates paragraphs 1 through 88 as paragraph 88 of Count VI.

91. During the dates of April 16, 2008, May 9, 2008, August 6, 2009, September 10, 2009, May 9, 2009, June 8, 2010 and July 11, 2011    Defendants **CHIEF CARRUSO, "CHIEF CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones and DRUMM and Martin D. Bachand, Phyllis Bachand, Stanley Catey and Teresa Catey** intentionally treated Plaintiffs differently and that there was no rational basis for the different treatment

92. On or around April 16, 2008 and May 9, 2008 phone reports, police records and police reports will show that Defendant **Martin D. Bachand, Phyllis Bachand, Stanley Catey and Teresa Catey** contacted the police with intent to prevent and interfere with plaintiff obtaining Village permits for Plaintiffs residence.

93. On or around August 6, 2009 and September 10, 2009 phone reports, police records and police reports will show that Defendant **Martin D. Bachand, Phyllis Bachand, Stanley Catey and Teresa Catey** contacted the police with intent to prevent and interfere with plaintiff obtaining Village permits for Plaintiffs residence.

94. On or around May 9, 2009, June 8, 2010 and July 11, 2011 defendants **"CHIEF CARRUSO, "CHIEF CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones, and DRUMM** threatened to ticket and tow Plaintiffs vehicles, Plaintiff's Family and Friends vehicle that were parked on Plaintiffs grass during weekend hours.  During the same summer months **"CHIEF CARRUSO,**

**"CHIEF CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones and DRUMM and Martin D. Bachand, Phyllis Bachand, Stanley Catey and Teresa Catey** did not threaten to ticket and tow **"NEIGHBORS"** Stanley Catey and Theresa Cateys vehicle that was parked on the grass in front of their house July 11, 2011 and August 4, 2011 see exhibit 3.1 – 3.2

95. On or around April 16, 2008, May 12, 2009, July 6, 2010 and August 14, 2011 **"CHIEF CARRUSO, "CHIEF CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones and DRUMM and Martin D. Bachand, Phyllis Bachand, Stanley Catey and Teresa Catey** threatened to issue animal nuisance citations against Plaintiff and during the same summer months of August 14, 2011 Defendants **TRUSTEES", "CHIEF CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones and DRUMM** did not issue citation to neighbors located at 6633 Maple Ct Monee, Il that had animals running lose and on Plaintiffs property see exhibit 4

96. On or around August 6, 2009, September 10, 2009, June 4, 2010, July 28, 2011 and **June 26, 2012** defendants **"CHIEF CAURSO, "CHIEF CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones and DRUMM and Martin D. Bachand, Phyllis Bachand, Stanley Catey and Teresa Catey** threatened to issue Building permit violations to Plaintiff when in fact Plaintiff had a permit or did not require a building permit and during these same time periods plaintiffs **"NEIGHBORS"** s located at 66.. Maple CT and located at 6636 Maple Ct Monee, Il And the defendants **"NEIGHBORS"** performed similar if not exact work at their residence without obtaining a building permit see exhibit 5 – 5. Defendants intentionally treated Plaintiff differently than others similarly situated.

97. There was no rational basis for the difference in treatment.

98. The Defendants **TRUSTEES", "CHIEF CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones, DRUMM", Martin D. Bachand, Phyllis Bachand, Stanley Catey and Teresa Catey AND Martin D. Bachand, Phyllis Bachand, Stanley Catey and Teresa Catey** were motivated by Illegitimate animus against the Plaintiff.

99. By reason of defendant's above-described acts and omission, Plaintiff's sustained damages and injuries, including but not limited to:

    a. Interfered and prevented the enjoyment of plaintiffs home

    b. Pain and suffering and Loss of physical liberty

    c. Humiliation and indignities,

    d. Mental anguish and emotional pain and suffering

    e. Loss of wages

    f. Loss of business accounts with local Will County Sheriffs and Illinois State Police.

    g. Defamation of Character and Excessive legal expenses

    h. Directly and Indirectly Instituted Financial Hardship against Plaintiff

    i. All to his damage in the amount to be ascertained.

100. The action committed by defendants described above were undertaken within the scope of their employment as police officers and Trustees of the Village of Monee, in official capacity each defendant acted under the color of State Law when they violated the Constitution of the United States of America Fourth and Fourteenth Amendments and Illinois law.

WHEREFORE, Plaintiff asks that this Honorable Court:

    a) Enter judgment against Defendant-Officers, **TRUSTEES", "CHIEF CAURSO", "CHIEF CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones and DRUMM, and Martin D. Bachand, Phyllis Bachand, Stanley Catey and Teresa Catey.**

    b) Award Plaintiff $150,000.00 compensatory and punitive damages,

    c) All pervious Attorney Fees that Plaintiff has incurred for above matters.

    d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT VIII
### TITLE 42 U.S.C subsection 1983 FALSE ARREST AGAINST CHIEF CARUSO, "CHIEF CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones and DRUMM",

101. Plaintiff readopts and restates paragraphs 1 through 99 as paragraph 99 of Count VII.

102. On or around June 26, 2010, **CHIEF "CAURSO", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash, Jones and DRUMM"** placed Plaintiff under arrest and charged defendant with six (6) citations:

    a) Fleeing and Attempt to Elude an Officer
    b) Vehicle Fail to Yield Right away to Emergency Vehicle
    c) Unsafe Backing up on road way
    d) Driving Under the influence

The above citations have been either dismissed or not guilty in favor of Plaintiff

    e) Obstruction of Justice/Failure to Yield to Peace officer
    f) Suspended Drivers License

Citations F are pending and still being adjudicated in Will county Court.

103. On or around July 11, 2009, June 10, 2010 and July 9, 2011 **CHIEF CARUSO, "CHIEF CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones and DRUMM** threatened to unlawfully arrest plaintiff as a result plaintiff fled inside his home and was required to stay in his residence to avoid arrest until defendants left the private property of plaintiff

104. On or around July 17, 2011 **CHIEF "CIPKAR","MONEE, POLICE" and DRUMM"** placed Plaintiff under arrest and charged defendant with one (1) citation:

    a. Village Ordinance, Disorderly conduct/ loud music

The above charge is before the appellate court under case 3-12-0494

105. On or around August 29, 2011 **CHIEF "CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones, and DRUMM"** placed Plaintiff under arrest and charged defendant with one (1) citation:

    a. Battery

The above charge was dismissed by prosecutor in favor of Plaintiff.

106. After the above dates Plaintiff was either not allowed to exit his home or under arrest and not free to leave.

107. Plaintiffs detention and restraint was unlawful

108. **CHIEF RUSSEL, CHIEF CIPKAR, MONEE POLICE AND DRUMM"** did not have an arrest warrant, probable cause, or any other legal justification to arrest Plaintiff.

109. The arrest of Plaintiff without any legal justification or probable cause violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

110. By reason of defendant's above-described acts and omission, Plaintiff's sustained damages and injuries, including but not limited to:

   a. Interfered and prevented the enjoyment of plaintiffs home
   b. Pain and suffering
   c. Loss of physical liberty
   d. Humiliation and indignities,
   e. Mental anguish and emotional pain and suffering
   f. Loss of wages
   g. Loss of business accounts with local Will County Sheriffs and Illinois State Police.
   h. Defamation of Character and Excessive legal expenses
   i. Directly and Indirectly Instituted Financial Hardship against Plaintiff
   j. All to his damage in the amount to be ascertained.

111. The action committed by defendants described above were undertaken within the scope of their employment as police officers and Trustees of the Village of Monee, in official capacity each defendant acted under the color of State Law when they violated the Constitution of the United States of America Fourth and Fourteenth Amendments and Illinois law.

WHEREFORE, Plaintiff asks that this Honorable Court:

   a) Enter judgment against Defendant-Officers, **CHIEF CARUSO, "CHIEF CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash, Jones and DRUMM",**

   b) Award Plaintiff $150,000 compensatory and punitive damages,

   c) All pervious Attorney Fees that Plaintiff has incurred for above matters.

d) Award any further relief that this Honorable Court deems just and equitable.

### COUNT IX
### Title 42 U.S.C subsection 1983 UNREASONABLE SEARCH OF A PERSON AGAINST , CHIEF CARUSO, "CHIEF CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash, Jones  and DRUMM"

112. Plaintiff readopts and restates paragraphs 1 through 110 as paragraph 110 of Count VIII.

113. On or around June 21, 2008, May 11, 2009, July 11, 2009, January 3, 2010, June 26, 2010, July 10, 2010, July 9, 2011, July 17, 2011 and August 27, 2011 defendants **CHIEF CARUSO, "CHIEF CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash,Jones, and DRUMM"** Searched Plaintiffs and plaintiffs personal property, plaintiffs briefcase without probable cause or any other legal justification violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches.

114. Defendant-Officers **CHIEF CARUSO, "CHIEF CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones,  and DRUMM** searched Plaintiff.

115. Defendant-Officers **CHIEF CARUSO, "CHIEF CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones,  and DRUMM** did not have a search warrant, consent, exigent circumstances, or any other legal justification to search Plaintiff's home.

116. Defendant-Officers **CHIEF CARUSO, "CHIEF CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones,  and DRUMM** Searching Plaintiff' without any legal justification violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches.

117. The action committed by defendants Defendant-Officers **CHIEF CARUSO, "CHIEF CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones, and DRUMM** described above were undertaken within the scope of their employment as police officers and Trustees of the Village of Monee, in official capacity each

defendant acted under the color of State Law when they violated the Constitution of the United States of America Fourth and Fourteenth Amendments and Illinois law.

118. By reason of defendant's Defendant-Officers **CHIEF CARUSO, "CHIEF CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones, and DRUMM** above-described acts and omission, Plaintiff's sustained damages and injuries, including but not limited to:

    a.  Interfered and prevented the enjoyment of plaintiffs home
    b.  Pain and suffering
    c.  Loss of physical liberty
    d.  Humiliation and indignities,
    e.  Mental anguish and emotional pain and suffering
    f.  Loss of wages
    g.  Loss of business accounts with local Will County Sheriffs and Illinois State Police.
    h.  Defamation of Character and Excessive legal expenses
    i.  Directly and Indirectly Instituted Financial Hardship against Plaintiff
    j.  All to his damage in the amount to be ascertained.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers, **TRUSTEES", CHIEF CARUSO, "CHIEF CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones, and DRUMM"**

b) Award Plaintiff $100,000 compensatory and punitive damages.

c) Award any further relief that this Honorable Court deems just and equitable.

d) All previous Attorney Fees that Plaintiff has incurred above matters.

**COUNT X**
**Title 42 U.S.C subsection 1983 UNREASONABLE SEARCH OF A HOME AGAINST CHIEF CARUSO, "CHIEF CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones, and DRUMM"**

119. Plaintiff readopts and restates paragraphs 1 through 118 as paragraph 118 of Count IX.

120. On or around May 11, 2009, July 11, 2009, January 3, 2010, June 26, 2010, July 10, 2010, July 9, 2011, July 17, 2011 defendants "**TRUSTEES**", **CHIEF CARUSO, "CHIEF CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones, and DRUMM**" Searched Plaintiffs home, without probable cause, without a warrant or any other legal justification violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches.

121. Defendant-Officers **CHIEF CARUSO, "CHIEF CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones, and DRUMM** searched Plaintiff's home.

122. Defendant-Officers **CHIEF CARUSO, "CHIEF CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones, and DRUMM** did not have a search warrant, consent, exigent circumstances, or any other legal justification to search Plaintiff's home.

123. Defendant-Officers **CHIEF CARUSO, "CHIEF CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones, and DRUMM** Searching Plaintiff's home without any legal justification violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches.

124. The action committed by Defendant-Officers **CHIEF CARUSO, "CHIEF CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones, and DRUMM** described above were undertaken within the scope of their employment as police officers and Trustees of the Village of Monee, in official capacity each defendant acted under the color of State Law when they violated the Constitution of the United States of America Fourth and Fourteenth Amendments and Illinois law.

125. By reason of Defendant-Officers **CHIEF CARUSO, "CHIEF CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones, and DRUMM** above-described acts and omission, Plaintiff's sustained damages and injuries, including but not limited to:

    a. Interfered and prevented the enjoyment of plaintiffs home
    b. Pain and suffering

c.  Loss of physical liberty
d.  Humiliation and indignities,
e.  Mental anguish and emotional pain and suffering
f.  Loss of wages
g.  Loss of business accounts with local Will County Sheriffs and Illinois State Police.
h.  Defamation of Character
i.  Excessive legal expenses
j.  Directly and Indirectly Instituted Financial Hardship against Plaintiff
k.  Damage to plaintiffs home
l.  All to his damage in the amount to be ascertained.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers, **TRUSTEES", CHIEF CARUSO, "CHIEF CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones, and DRUMM".**

b) Award Plaintiff $150,000 compensatory and punitive damages.

c) Award any further relief that this Honorable Court deems just and equitable.

d) All previous Attorney Fees that Plaintiff has incurred above matters.

## COUNT XI
### Title 42 U.S.C subsection 1983 UNREASONABLE SEARCH OF A VEHICLE AGAINST CHIEF CARUSO, Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones, and DRUMM"

126. Plaintiff readopts and restates paragraphs 1 through 124 as paragraph 124 of count X.

127. On or around June 26, 2010 defendants " **CHIEF CARUSO, Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones, and DRUMM"** Searched Plaintiffs vehicle, without probable cause, without a warrant or any other legal

justification violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches.

128. Defendant-Officers **CHIEF CARUSO, "CHIEF CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones, and DRUMM** Searching Plaintiff's vehicle without any legal justification violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches.

129. By reason of defendant's Defendant-Officers **CHIEF CARUSO, "CHIEF CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones, and DRUMM** above-described acts and omission, Plaintiff's sustained damages and injuries, including but not limited to:

   a. Interfered and prevented the enjoyment of plaintiffs home
   b. Pain and suffering
   c. Loss of physical liberty
   d. Humiliation and indignities,
   e. Mental anguish and emotional pain and suffering
   f. Loss of wages
   g. Loss of business accounts with local Will County Sheriffs and Illinois State Police.
   h. Defamation of Character
   i. Excessive legal expenses
   j. Directly and Indirectly Instituted Financial Hardship against Plaintiff
   k. All to his damage in the amount to be ascertained.

130. The action committed by defendants described above were undertaken within the scope of their employment as police officers and Trustees of the Village of Monee, in official capacity each defendant acted under the color of State Law when they violated the Constitution of the United States of America Fourth and Fourteenth Amendments and Illinois law.

WHEREFORE, Plaintiff asks that this Honorable Court:

   a) Enter judgment against Defendant-Officers, **"TRUSTEES", CHIEF CARUSO, Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones, and DRUMM"**

b) Award Plaintiff $100,000 compensatory and punitive damages.

c) Award any further relief that this Honorable Court deems just and Equitable.

d) All previous Attorney Fees that Plaintiff has incurred above matters.

## COUNT XII
### ILLINOIS State Claim ABUSE OF PROCESS AGAINST , Trustee's Popp, Farquhar and Stockton CHIEF CARUSO, "CHIEF CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones, DRUMM" and Martin D. Bachand, Phyllis Bachand, Stanley Catey and Teresa Catey

131. Plaintiff restates paragraphs 1 through 129 as paragraph 129 of Count XI.

132. That on or around June 21, 2008, May 11, 2009, July 11, 2009, January 3, 2010, June 26, 2010, July 10, 2010, July 9, 2011, July 17, 2011, August 27, 2011 defendants **Trustee's Popp, Farquhar and Stockton, CHIEF CARUSO, "CHIEF CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones, DRUMM" and Martin D. Bachand, Phyllis Bachand, Stanley Catey and Teresa Catey** entertained an ulterior motive in using the process of Monee law enforcement resources to discriminate against plaintiffs constitutional rights under First, Fourth and Fourteenth Amendment.

133. The defendants **Trustee's Popp, Farquhar and Stockton CHIEF CARUSO, "CHIEF CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones, DRUMM" and Martin D. Bachand, Phyllis Bachand, Stanley Catey and Teresa Catey** committed a willful act in a wrongful matter with total disregard for the law.

134. The defendants **Trustee's Popp, Farquhar and Stockton CHIEF CARUSO, "CHIEF CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones, DRUMM" and Martin D. Bachand, Phyllis Bachand, Stanley Catey and Teresa Catey** intentionally used the legal procedure to file false police reports, file false

charges, falsely arrest and incarcerate against THOMPSON AND KEENAN, this improper purpose is not what our legal system was designed to achieve.

135. By reason of defendant's **Trustee's Popp, Farquhar and Stockton, CHIEF CARUSO, "CHIEF CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones, DRUMM" and Martin D. Bachand, Phyllis Bachand, Stanley Catey and Teresa Catey** above-described acts and omission, Plaintiff's sustained damages and injuries, including but not limited to:

   a. Interfered and prevented the enjoyment of plaintiffs home
   b. Pain and suffering
   c. Loss of physical liberty
   d. Humiliation and indignities,
   e. Mental anguish and emotional pain and suffering
   f. Loss of wages
   g. Loss of business accounts with local Will County Sheriffs and Illinois State Police.
   h. Defamation of Character
   i. Excessive legal expenses
   j. Directly and Indirectly Instituted Financial Hardship against Plaintiff
   k. All to his damage in the amount to be ascertained.

136. The action committed by defendants described above were undertaken within the scope of their employment as police officers and Trustees of the Village of Monee, in official capacity each defendant acted under the color of State Law when they violated the Constitution of the United States of America Fourth and Fourteenth Amendments and Illinois law.

WHEREFORE, Plaintiff asks that this Honorable Court:

   a) Enter judgment against Defendant-Officers, **"CHIEF CIPKAR", "MONEE POLICE", DRUMM" and Trustee's Popp, Farquhar and Stockton, and Martin D. Bachand, Phyllis Bachand, Stanley Catey and Teresa Catey**

   b) Award Plaintiff $300,000 compensatory and punitive damages.

c) Award any further relief that this Honorable Court deems just and equitable.

d) All previous Attorney Fees that Plaintiff has incurred above matters.

## COUNT XIII

### Title 42 U.S.C subsection 1983  SUBSTANTIVE DUE PROCESS EGREGIOUS ABUSE OF POWER  TRUSTEE'S POPP, FARQUHAR, STOCKTON, "CHIEF CIPKAR",POLICE OFFICERS LAZZARONI, BLAKE, CRESENTI, FOWLER, CASH JONES,  and DRUMM"

137. Plaintiff readopts and restates paragraphs 1 through 136 as paragraph 136 of Count XII.

138. On or Around May 11, 2009, July 11, 2009, January 3, 2010, July 10, 2010 and July 9, 2011 defendants **TRUSTEE'S POPP, FARQUHAR, STOCKTON, "CHIEF CIPKAR",POLICE OFFICERS LAZZARONI, BLAKE, CRESENTI, FOWLER, CASH JONES,  and DRUMM"** threatened to arrest Plaintiff when no law was being violated by Plaintiff and Defendants attempted to arrest plaintiff but plaintiff locked himself in his home where he was safe and the defendants then left Plaintiffs residence and no arrest was made.

139. Defendants **TRUSTEE'S POPP, FARQUHAR, STOCKTON, "CHIEF CIPKAR",POLICE OFFICERS LAZZARONI, BLAKE, CRESENTI, FOWLER, CASH JONES,  and DRUMM"** were fully aware of the wrongful acts of  their co-workers and supervisors.

140. Defendants **TRUSTEE'S POPP, FARQUHAR, STOCKTON, "CHIEF CIPKAR",POLICE OFFICERS LAZZARONI, BLAKE, CRESENTI, FOWLER, CASH JONES,  and DRUMM"** maintained a code of silence and ignored the unlawfully acts of included coercion, falsified reports, falsified evidence and intimidation.

141. Defendants **TRUSTEE'S POPP, FARQUHAR, STOCKTON, "CHIEF CIPKAR",POLICE OFFICERS LAZZARONI, BLAKE, CRESENTI, FOWLER, CASH JONES,  and DRUMM"** constantly deprived THOMPSON of his liberty and property.

142. Defendants **TRUSTEE'S POPP, FARQUHAR, STOCKTON, "CHIEF CIPKAR",POLICE OFFICERS LAZZARONI, BLAKE, CRESENTI, FOWLER, CASH JONES, and DRUMM"** acted with intent to   harm and deliberate indifferences to Plaintiffs rights.

143. Defendants **TRUSTEE'S POPP, FARQUHAR, STOCKTON, "CHIEF CIPKAR",POLICE OFFICERS LAZZARONI, BLAKE, CRESENTI, FOWLER, CASH JONES, and DRUMM"** egregious arbitrary abuse of government power has financially burdened and harmed plaintiff and Plaintiffs family

144. Defendants   **TRUSTEE'S POPP, FARQUHAR, STOCKTON, "CHIEF CIPKAR",POLICE OFFICERS LAZZARONI, BLAKE, CRESENTI, FOWLER, CASH JONES, and DRUMM"** arrived at Plaintiffs private three acre Estate   and threatened his professional guest, friends, family and children with the following:

   a. "we are going to tow your cars"
   b. "we are going to arrest everyone hear"
   c. "it's the weekend and the Sergeant will not issue bonds till Monday so all of you will be in jail over the weekend"
   d. "This neighborhood does not like Mr. Thompson so everyone must leave"
   e. "if we call will county sheriffs it will get ugly for all of you folks"

   See attached exhibit AA including testimony of two senior citizens over the age of 67, a local Monee neighbor and a Likened Attorney.

145. By reason of defendant's **TRUSTEE'S POPP, FARQUHAR, STOCKTON, "CHIEF CIPKAR",POLICE OFFICERS LAZZARONI, BLAKE, CRESENTI, FOWLER, CASH JONES,  and DRUMM"** above-described acts and omission, Plaintiff's sustained damages and injuries, including but not limited to:

   a. Interfered and prevented the enjoyment of plaintiffs home
   b. Pain and suffering
   c. Loss of physical liberty
   d. Humiliation and indignities,
   e. Mental anguish and emotional pain and suffering
   f. Loss of wages

    g. Loss of business accounts with local Will County Sheriffs and Illinois State Police.

    h. Defamation of Character and Excessive legal expenses

    i. Directly and Indirectly Instituted Financial Hardship against Plaintiff

    j. All to his damage in the amount to be ascertained.

146. The action committed by defendants described above were undertaken within the scope of their employment as police officers and Trustees of the Village of Monee, in official capacity each defendant acted under the color of State Law when they violated the Constitution of the United States of America Fourth and Fourteenth Amendments and Illinois law.

WHEREFORE, Plaintiff asks that this Honorable Court:

    a) Enter judgment against Defendant-Officers, **"CHIEF CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones, DRUMM" and "TRUSTEES".**

    b) Award Plaintiff $150,000 compensatory and punitive damages.

    c) Award any further relief that this Honorable Court deems just and equitable.

    d) All previous Attorney Fees that Plaintiff has incurred above matters.

## COUNT VX

### STATE CLAIM WILLFUL RECKLESS AND WANTON CONDUCT AGAINST TRUSTEE'S POPP, FARQUHAR, STOCKTON, "CHIEF CIPKAR", POLICE OFFICERS LAZZARONI, BLAKE, CRESENTI, FOWLER, CASH AND JONES, DRUMM" AND MARTIN D. BACHAND, PHYLLIS BACHAND, STANELY CATEY AND TERESA CATEY

147. Plaintiff readopts and restates paragraphs 1 through 144 as paragraph 144 of count XIII.

148. Defendant-Officer **TRUSTEE'S POPP, FARQUHAR, STOCKTON, "CHIEF CIPKAR", POLICE OFFICERS LAZZARONI, BLAKE, CRESENTI,**

**FOWLER, CASH AND JONES AND DRUMM** had a duty to Plaintiff to protect the Plaintiffs Family and Plaintiffs business associates from violations of the US Constitution and violations of State Law.

149. Defendant- **TRUSTEE'S POPP, FARQUHAR, STOCKTON, "CHIEF CIPKAR", POLICE OFFICERS LAZZARONI, BLAKE, CRESENTI, FOWLER, CASH AND JONES AND DRUMM** Officer breached that duty

150. On or Around May 11, 2009, July 11, 2009, January 3, 2010, July 10, 2010 and July 9, 2011 defendants **TRUSTEE'S POPP, FARQUHAR, STOCKTON, "CHIEF CIPKAR", POLICE OFFICERS LAZZARONI, BLAKE, CRESENTI, FOWLER, CASH AND JONES AND DRUMM** threatened to arrest Plaintiff when no law was being violated by Plaintiff and Defendants attempted to arrest plaintiff but plaintiff locked himself in his home where he was safe and the defendants then left Plaintiffs residence and no arrest was made.

151. Defendants **TRUSTEE'S POPP, FARQUHAR, STOCKTON, "CHIEF CIPKAR", POLICE OFFICERS LAZZARONI, BLAKE, CRESENTI, FOWLER, CASH AND JONES AND DRUMM** willful and malicious conduct including continuously attempting to wrongfully arrest plaintiff without probable cause, a warrant or a complaint filed by a third party.

152. Defendants **TRUSTEE'S POPP, FARQUHAR, STOCKTON, "CHIEF CIPKAR", POLICE OFFICERS LAZZARONI, BLAKE, CRESENTI, FOWLER, CASH AND JONES AND DRUMM** conspired and designed a scheme with NEIGBORS to intentionally and deliberately falsify police reports, falsify evidence to injure plaintiff.

153. Defendants **TRUSTEE'S POPP, FARQUHAR, STOCKTON, "CHIEF CIPKAR", POLICE OFFICERS LAZZARONI, BLAKE, CRESENTI, FOWLER, CASH AND JONES AND DRUMM** breach exhibited a reckless disregard for the safety of others, including a failure to exercise ordinary care.

154. Defendants **TRUSTEE'S POPP, FARQUHAR, STOCKTON, "CHIEF CIPKAR", POLICE OFFICERS LAZZARONI, BLAKE, CRESENTI, FOWLER, CASH AND JONES AND DRUMM** acted with actual intent to harass, oppress, falsely

arrest and emotional injure PLAINTIFF and Plaintiffs Family, Friends and business associates.

155. Defendants **TRUSTEE'S POPP, FARQUHAR, STOCKTON, "CHIEF CIPKAR", POLICE OFFICERS LAZZARONI, BLAKE, CRESENTI, FOWLER, CASH AND JONES AND DRUMM** had a conscious disregard for the consequences of falsifying evidence and falsifying police reports.

156. Defendants **TRUSTEE'S POPP, FARQUHAR, STOCKTON, "CHIEF CIPKAR", POLICE OFFICERS LAZZARONI, BLAKE, CRESENTI, FOWLER, CASH AND JONES AND DRUMM** conduct conscious disregard of Plaintiff's safety deliberately caused a highly unreasonable risk of harm to others.

157. Defendants **TRUSTEE'S POPP, FARQUHAR, STOCKTON, "CHIEF CIPKAR", POLICE OFFICERS LAZZARONI, BLAKE, CRESENTI, FOWLER, CASH AND JONES AND DRUMM** knew of the harm and danger they would cause Plaintiff.

158. By reason of defendant's **TRUSTEE'S POPP, FARQUHAR, STOCKTON, "CHIEF CIPKAR", POLICE OFFICERS LAZZARONI, BLAKE, CRESENTI, FOWLER, CASH AND JONES, DRUMM"** above-described acts and omissions, Plaintiff's sustained damages and injuries, including but not limited to:

    a. Interfered and prevented the enjoyment of plaintiffs home
    b. Pain and suffering
    c. Loss of physical liberty
    d. Humiliation and indignities,
    e. Mental anguish and emotional pain and suffering
    f. Loss of wages
    g. Loss of business accounts with local Will County Sheriffs and Illinois State Police.
    h. Defamation of Character
    i. Excessive legal expenses
    j. Directly and Indirectly Instituted Financial Hardship against Plaintiff
    k. All to his damage in the amount to be ascertained.

Case: 1:12-cv-05020 Document #: 53 Filed: 12/17/12 Page 46 of 66 PageID #:573

159. The action committed by defendants described above were undertaken within the scope of their employment as police officers and Trustees of the Village of Monee, in official capacity each defendant acted under the color of State Law when they violated the Constitution of the United States of America Fourth and Fourteenth Amendments and Illinois law.

WHEREFORE, Plaintiff asks that this Honorable Court:

      a) Enter judgment against Defendant-Officers, **"CHIEF CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones, DRUMM", Trustee's Popp, Farquhar and Stockton, and Martin D. Bachand, Phyllis Bachand, Stanley Catey and Teresa Catey**

      b) Award Plaintiff $350,000 compensatory and punitive damages.

      c) Award any further relief that this Honorable Court deems just and equitable.

      d) All previous Attorney Fees that Plaintiff has incurred above matters.

## COUNT XV
## STATE CLAIM FOR MALICIOUS PROSECUTION AGAINST TRUSTEES", "CHIEF CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones, DRUMM".

160. Plaintiff readopts and restates paragraphs 1 through 157 as paragraph 157 of count VX.

161. On or Around May 11, 2009, July 11, 2009, January 3, 2010, July 10, 2010 and July 9, 2011 defendants **"CHIEF CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones, DRUMM** threatened to arrest Plaintiff when no law was being violated by Plaintiff and Defendants attempted to arrest plaintiff but plaintiff locked himself in his home where he was safe and the defendants then left Plaintiffs residence and no arrest was made.

162. Defendants**" CHIEF CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones, DRUMM** unsuccessfully attempted to arrest Plaintiff on the above dates without a warrant or probable cause.

**Page 46 of 66**

163. On or around June 26, 2010, July 17, 2011 and August 27, 2011 plaintiff was arrested under:

   a. June 26, 2010 Arrest = 2010TR055874, 2010TR055872, 2010TRO55871, 2010DT001050, 2010TR055873, 2010DT001050

   b. July 17, 2011 Arrest = 2011OV004012

   c. August 27, 2011 Arrest = 2011CM002811

   ALL matters for June 26, 2010 arrest has been disposed of in favor of plaintiff with exclusion of 2010TR055873 which in pending Appeal. June 17, 2011 arrest is pending Appeal and August 27, 2011 arrest has been disposed of in favor of Plaintiff

164. Plaintiff was arrested on June 26, 2010 and charged with five (5) criminal Citation which two were felonies. Ironically the two felonies were dismissed at the beginning trial right before jury instructions were reviewed. The dismissal of the two felony charges were because the Monee Police Department and the State of Illinois **failed as required by state law to** "filing a formal complaint, an indictment or an information" against Plaintiff/Thompson.

   Additionally, during the arrest of June 26, 2010 officer Drumn charged Plaintiff/Thompson with a DUI which went to trial with a favorable outcome for Plaintiff/Thompson, but again ironically officer Drumn never notified the State of Illinois that he had charged Plaintiff with a DUI which is required by Illinois law so that summary suspension of Plaintiff Thompson's drivers License would be instituted.

165. Defendants **"CHIEF CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones, DRUMM** On or around June 26, 2010, July 17, 2011 and August 27, 2011 filed and prosecuted the above charges.

166. There was no probable cause for Defendants **"CHIEF CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones, DRUMM** to arrest and detain Plaintiff

167. The defendants **"CHIEF CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones, DRUMM** Malice, arrogance and disregard for the law was so aggressive and egregious that Plaintiff suffered the following:

a. Bond in the amount of $600.00 cash

b. DUI Fine to Village $1500.00 and Tow bill of $412.00

b. Bond in the amount of $1000.00 cash

c. Attorney fees totaling $9500.00

d. Attorney fees in amount of $1500.00

c. Three (3) days in Will county jail

d. Another Three (3) days in Will county Jail

e. Loss of wages

f. mental anguish, physical disconnect, loss of comfort of Plaintiffs home, loss of personal property, embarrassment and emotional distress

168. The action committed by defendants described above were undertaken within the scope of their employment as police officers and Trustees of the Village of Monee, in official capacity each defendant acted under the color of State Law when they violated the Constitution of the United States of America Fourth and Fourteenth Amendments and Illinois law.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers, **"CHIEF CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones, DRUMM" and Trustee's Popp, Farquhar and Stockton, and Martin D. Bachand, Phyllis Bachand, Stanley Catey and Teresa Catey**

b) Award Plaintiff $500,000 compensatory and punitive damages.

c) Award any further relief that this Honorable Court deems just and equitable.

d) All previous Attorney Fees that Plaintiff has incurred above matters.

## COUNT XVI
## STATE CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL STRESS
## AGAINST TRUSTEE'S POPP, FARQUHAR AND STOCKTON, "CHIEF CIPKAR",

**POLICE OFFICERS LAZZARONI, BLAKE, CRESENTI, FOWLER, CASH AND JONES, DRUMM" AND MARTIN D. BACHAND, PHYLLIS BACHAND, STANELY CATEY AND TERESA CATEY**

169. Plaintiff readopts and restates paragraphs 1 through 165 as paragraph 165 of count XV.

170. On or Around May 11, 2009, July 11, 2009, January 3, 2010, July 10, 2010 and July 9, 2011,  and August 17, 2012 defendants **Trustee's Popp, Farquhar and Stockton,  , "CHIEF CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones and DRUMM and Martin D. Bachand, Phyllis Bachand, Stanley Catey and Teresa** threatened to arrest Plaintiff when no law was being violated by Plaintiff and Defendants attempted to arrest plaintiff but plaintiff locked himself in his home where he was safe and the defendants then left Plaintiffs residence and no arrest was made.

171. Defendants **Trustee's Popp, Farquhar and Stockton, "CHIEF CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones,  DRUMM and Martin D. Bachand, Phyllis Bachand, Stanley Catey and Teresa** conspired together with intentional design to oppress, harass, incarcerate Plaintiff by creating false police report, false evidence and false complaints against Plaintiff, Plaintiffs family and Plaintiffs business associates.

172. Defendants **Trustee's Popp, Farquhar and Stockton,  , "CHIEF CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones, DRUMM and Martin D. Bachand, Phyllis Bachand, Stanley Catey and Teresa** conduct was extreme and outrageous and resulted in defendant needing psychiatric counseling see exhibit FF.

173. Defendants **Trustee's Popp, Farquhar and Stockton,  , "CHIEF CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones, DRUMM and Martin D. Bachand, Phyllis Bachand, Stanley Catey and Teresa** intended to cause Plaintiff severe emotional distress and knew that there was a high probability that their conduct would cause Plaintiff severe emotional distress.

174. Defendant **Trustee's Popp, Farquhar and Stockton, "CHIEF CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones, DRUMM and**

**Martin D. Bachand, Phyllis Bachand, Stanley Catey and Teresa** conduct caused
Plaintiff severe emotional distress.

175. By reason of defendant's **Trustee's Popp, Farquhar and Stockton, "CHIEF CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones and DRUMM and Martin D. Bachand, Phyllis Bachand, Stanley Catey and Teresa** above-described acts and omissions, Plaintiff's sustained damages and injuries, including but not limited to:

    a. Interfered and prevented the enjoyment of plaintiffs home
    b. Pain and suffering
    c. Loss of physical liberty
    d. Humiliation and indignities,
    e. Mental anguish and emotional pain and suffering
    f. Loss of wages
    g. Loss of business accounts with local Will County Sheriffs and Illinois State Police.
    h. Defamation of Character
    i. Excessive legal expenses
    j. Directly and Indirectly Instituted Financial Hardship against Plaintiff
    k. All to his damage in the amount to be ascertained.

176. The action committed by defendants described above were undertaken within the scope of their employment as police officers and Trustees of the Village of Monee, in official capacity each defendant acted under the color of State Law when they violated the Constitution of the United States of America Fourth and Fourteenth Amendments and Illinois law.

WHEREFORE, Plaintiff asks that this Honorable Court:

    a) Enter judgment against Defendant-Officers, **"CHIEF CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones, DRUMM and Trustee's Popp, Farquhar and Stockton, and Martin D. Bachand, Phyllis Bachand, Stanley Catey and Teresa Catey**

    b) Award Plaintiff $500,000 compensatory and punitive damages.

c) Award any further relief that this Honorable Court deems just and equitable.

d) All pervious Attorney Fees that Plaintiff has incurred for above matters.

### COUNT XVII
### STATE CLAIM FOR ASSAULT AGAINST TRUSTEES", "CHIEF CARUSO", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones, DRUMM

177. Plaintiff readopts and restates paragraphs 1 through 173 as paragraph 173 of count XVI.

178. On or around June 26, 2010 **DRUMM,** used excessive force that purported to his official duties as police officers. **DRUMM,**

    a. **DRUMM** held a gun to the Plaintiff's head while plaintiff was inside his residential garage that is attached to plaintiffs home.

    b. **DRUMM,** then excessively choked the Plaintiff around his neck preventing plaintiff from breathing resulting in plaintiff becoming very faint.

    c. **DRUMM,** then proceeded to slam the Plaintiff on the ground face First

    d. **DRUMM,** then brutally jabbed both his knees into the Plaintiff's back causing immediate extreme pain to plaintiff.

    e. **DRUMM placed** handcuffs on plaintiff extremely tight preventing plaintiff blood circulation.

    f. **DRUMM** placed Plaintiff in the back of his squad car by placing his hands on Plaintiff's head applying extreme pressure then forcefully pushing Plaintiff to the seat while jabbing Plaintiff in the neck with his closed fist.

**"CHIEF CARUSO", and Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones,** had already been notified of DRUMM's previous attempts to arrest and harass the Plaintiff. The defendant's use of excessive force was a substantial

factor in causing the Plaintiff harm. All citizens, including people accused or convicted of crimes, are protected from the violence at the hands of officers.

179. Defendants had much tension built up due to their many previous unsuccessful arrest attempts.

180. Defendants acted willful and wanton without disregard for Plaintiffs safety and Plaintiffs constitutional rights.

181. Defendants intentionally schemed to harm Plaintiff with total disregard for the law.

182. Defendants had many encounters with Plaintiffs over the years and knew Plaintiff to be a NON-Violent citizen.

183. By reason of defendant's above-described acts and omissions, Plaintiff's sustained damages and injuries, including but not limited to:

    a. Interfered and prevented the enjoyment of plaintiffs home
    b. Pain and suffering, Loss of physical liberty
    c. Humiliation and indignities,
    d. Mental anguish and emotional pain and suffering
    e. Loss of wages
    f. Loss of business accounts with local Will County Sheriffs and Illinois State Police.
    g. Defamation of Character, Excessive legal expenses
    h. Directly and Indirectly Instituted Financial Hardship against Plaintiff
    i. All to his damage in the amount to be ascertained.

184. The action committed by defendants described above were undertaken within the scope of their employment as police officers and Trustees of the Village of Monee, in official capacity each defendant acted under the color of State Law when they violated the Constitution of the United States of America Fourth and Fourteenth Amendments and Illinois law.

WHEREFORE, Plaintiff asks that this Honorable Court:

    a) Enter judgment against Defendant-Officers, **"CHIEF CARUSO, Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones, DRUMM and Trustee's Popp, Farquhar and Stockton,**

    b) Award Plaintiff $250,000 compensatory and punitive damages,

c) Award any further relief that this Honorable Court deems just and equitable.

d) All pervious Attorney Fees that Plaintiff has incurred for above matters.

### COUNT XVIII
### STATE CLAIM FOR BATTERY AGAINST TRUSTEES", CHIEF CAURSO", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones, and "DRUMM"

185. Plaintiff readopts and restates paragraphs 1 through 181 as paragraph 181 of count XVII.

186. On or around June 26, 2010 **DRUMM,** used excessive force that purported to his official duties as police officers. **DRUMM,**

    a. **DRUMM** held a gun to the Plaintiff's head while plaintiff was inside his residential garage that is attached to plaintiffs home.

    b. **DRUMM,** then excessively choked the Plaintiff around his neck preventing plaintiff from breathing resulting in plaintiff becoming very faint.

    c. . **DRUMM,** then proceeded to slam the Plaintiff on the ground face First

    d. **DRUMM,** then brutally jabbed both his knees into the Plaintiff's back causing immediate extreme pain to plaintiff.

    e. **DRUMM placed** handcuffs on plaintiff extremely tight preventing plaintiff blood circulation.

    f. **DRUMM** placed Plaintiff in the back of his squad car by placing his hands on Plaintiff's head applying extreme pressure then forcefully pushing Plaintiff to the seat while jabbing Plaintiff in the neck with his closed fist.

**"CHIEF CARUSO" and Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones,** had already been notified of DRUMM's previous attempts to arrest

and harass the Plaintiff. The defendant's use of excessive force was a substantial factor in causing the Plaintiff harm. All citizens, including people accused or convicted of crimes, are protected from the violence at the hands of officers.

187. Defendants had much tension built up due to their many, previous, unsuccessful, attempts to arrest Plaintiff.

188. Defendants acted willful and wanton without disregard for Plaintiffs safety and Plaintiffs constitutional rights.

189. Defendants intentionally schemed to harm Plaintiff with total disregard for the law.

190. Defendants had many encounters with Plaintiffs over the years and knew Plaintiff to be a NON-Violent citizen.

191. By reason of defendant's above-described acts and omissions, Plaintiff's sustained damages and injuries, including but not limited to:

192. By reason of defendant's above-described acts and omissions, Plaintiff's sustained damages and injuries, including but not limited to:

    a. Interfered and prevented the enjoyment of plaintiffs home
    b. Pain and suffering
    c. Loss of physical liberty
    d. Humiliation and indignities,
    e. Mental anguish and emotional pain and suffering
    f. Loss of wages
    g. Loss of business accounts with local Will County Sheriffs and Illinois State Police.
    h. Defamation of Character, Excessive legal expenses
    i. Directly and Indirectly Instituted Financial Hardship against Plaintiff
    j. All to his damage in the amount to be ascertained.

193. The action committed by defendants described above were undertaken within the scope of their employment as police officers and Trustees of the Village of Monee, in official capacity each defendant acted under the color of State Law when they violated the Constitution of the United States of America Fourth and Fourteenth Amendments and Illinois law.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers, **"CHIEF CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones, DRUMM and Trustee's Popp, Farquhar and Stockton, and Martin D. Bachand, Phyllis Bachand, Stanley Catey and Teresa Catey**

b) Award Plaintiff $350,000 compensatory and punitive damages,

c) Award any further relief that this Honorable Court deems just and equitable.

**COUNT XIX**
**STATE CLAIM FOR FALSE LIGHT AND DEFAMATION v. CHIEF CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones, DRUMM and Trustee's Popp, Farquhar and Stockton, Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash, Jones, DRUMM AND Martin D. Bachand, Phyllis Bachand, Stanley Catey and Teresa Catey**

194. Plaintiff readopts and restates paragraphs 1 through 190 as paragraph 190 of Count XVIII.

195. On or around June 26, 2010, July 17, 2011 and August 27, 2011 defendants **TRUSTEE'S POPP, FARQUHAR AND STOCKTON, "CHIEF CIPKAR", POLICE OFFICERS LAZZARONI, BLAKE, CRESENTI, FOWLER, CASH AND JONES, DRUMM AND MARTIN D. BACHAND, PHYLLIS BACHAND, STANELY CATEY AND TERESA CATEY** ... conspired to have plaintiff arrested based on false police reports.

196. Defendants **TRUSTEE'S POPP, FARQUHAR AND STOCKTON, "CHIEF CIPKAR", POLICE OFFICERS LAZZARONI, BLAKE, CRESENTI, FOWLER, CASH AND JONES, DRUMM AND MARTIN D. BACHAND, PHYLLIS BACHAND, STANELY CATEY AND TERESA CATEY** internet IP addresses of business and personal computers, residential, cellular and business phone records, police reports and police records will show a arrest picture of Plaintiff was forwarded to a third party for the purposes of character defamation See Exhibit 6.

197. This malice third party communication by the defendants **TRUSTEE'S POPP, FARQUHAR AND STOCKTON, "CHIEF CIPKAR", POLICE OFFICERS**

**LAZZARONI, BLAKE, CRESENTI, FOWLER, CASH, JONES, DRUMM" AND MARTIN D. BACHAND, PHYLLIS BACHAND, STANELY CATEY AND TERESA CATEY** damaged plaintiffs existing business relationships with existing Will county Sheriffs and Illinois State Police.

198.  The defendants **TRUSTEE'S POPP, FARQUHAR AND STOCKTON, "CHIEF CIPKAR", POLICE OFFICERS LAZZARONI, BLAKE, CRESENTI, FOWLER, CASH, JONES, DRUMM AND MARTIN D. BACHAND, PHYLLIS BACHAND, STANELY CATEY AND TERESA CATEY** action were intentional and careful thought out with efforts to defame and harm Plaintiff

199.  By reason of defendant's **TRUSTEE'S POPP, FARQUHAR AND STOCKTON, "CHIEF CIPKAR", POLICE OFFICERS LAZZARONI, BLAKE, CRESENTI, FOWLER, CASH, JONES, DRUMM AND MARTIN D. BACHAND, PHYLLIS BACHAND, STANELY CATEY AND TERESA CATEY** above-described acts and omissions, Plaintiff's sustained damages and injuries, including but not limited to:

   a. Interfered and prevented the enjoyment of plaintiffs home
   b. Pain and suffering
   c. Loss of physical liberty
   d. Humiliation and indignities,
   e. Mental anguish and emotional pain and suffering
   f. Loss of wages
   g. Loss of business accounts with local Will County Sheriffs and Illinois State Police.
   h. Defamation of Character
   i. Excessive legal expenses
   j. Directly and Indirectly Instituted Financial Hardship against Plaintiff
   k. All to his damage in the amount to be ascertained.

200.  The action committed by defendants described above were undertaken within the scope of their employment as police officers and Trustees of the Village of Monee, in official capacity each defendant acted under the color of State Law when they violated the Constitution of the United States of America Fourth and Fourteenth Amendments and Illinois law.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers, **"CHIEF CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones, DRUMM and Trustee's Popp, Farquhar and Stockton, and Martin D. Bachand, Phyllis Bachand, Stanley Catey and Teresa Catey**

b) Award Plaintiff $250,000 compensatory and punitive damages,

c) All pervious Attorney Fees that Plaintiff has incurred for above matters.

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT XX

**STATE CLAIM FOR FRAUD AGAINST Trustee's Popp, Farquhar and Stockton, "CHIEF CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash, Jones, DRUMM and Martin D. Bachand, Phyllis Bachand, Stanley Catey and Teresa Catey**

201. Plaintiff readopts and restates paragraphs 1 through 197 as paragraph 197 of Count XIX.

On or around January 3, 2010, June 26, 2010, July 10, 2010, July 9, 2011, July 17, 2011 and August 27, 2011 Defendants **Trustee's Popp, Farquhar and Stockton, "CHIEF CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash, Jones, DRUMM and Martin D. Bachand, Phyllis Bachand, Stanley Catey and Teresa Catey**

made the following statements with intent to deceive and mislead State Prosecutor for the purposes of instituting a false arrest and incarcerate Plaintiff:

a. January 3, 2010 "We have witness that will sign a complaint against Mr. Thompson"

    b.   June 26, 2010 "Mr. Thompson is an alcoholic and always has young girls at his house we need to get him out of Monee"

    c.   July 10, 2010 "If we get neighbors to sign a complaint against Mr. Thompson that will back up an arrest"

    d.   July 9, 2011 " if a neighbor that lives very far from Mr. Thomson and complains about loud music we can arrest him"

    e.   July 9, 2011 "The neighbor must to say the music was so loud that they could not hear their chain saw and make sure they mention they are three football fields away from Mr. Thompsons House"

    f.   July 17, 2011 " Bachand or Theresa, which one will file the complaint against Mr. Thompson for loud and profane lyrics coming from his home"

202. Defendants **TRUSTEE'S POPP, FARQUHAR AND STOCKTON, "CHIEF CIPKAR", POLICE OFFICERS LAZZARONI, BLAKE, CRESENTI, FOWLER, CASH, JONES, DRUMM AND MARTIN D. BACHAND, PHYLLIS BACHAND, STANLEY CATEY AND TERESA CATEY** were motivated to fraudulent file false reports against Plaintiff because they felt secure and safe with the Monee Police assisting them with conjuring up the above scheme.

203. Defendants **TRUSTEE'S POPP, FARQUHAR AND STOCKTON, "CHIEF CIPKAR", POLICE OFFICERS LAZZARONI, BLAKE, CRESENTI, FOWLER, CASH, JONES, DRUMM AND MARTIN D. BACHAND, PHYLLIS BACHAND, STANLEY CATEY AND TERESA CATEY** repeatedly attempted to wrongfully arrest Plaintiff with out success and file false police reports, create false evidence and scheme with neighbors to deprive Plaintiff of his freedom, liberty and tranquility.

204. By reason of defendant's **TRUSTEE'S POPP, FARQUHAR AND STOCKTON, "CHIEF CIPKAR", POLICE OFFICERS LAZZARONI, BLAKE, CRESENTI, FOWLER, CASH, JONES, DRUMM AND MARTIN D. BACHAND, PHYLLIS BACHAND, STANLEY CATEY AND TERESA CATEY** above-described acts and omissions, Plaintiff's sustained damages and injuries, including but not limited to:

    a.   Interfered and prevented the enjoyment of plaintiffs home

b. Pain and suffering

c. Assault and Battery

d. Incarceration

e. Loss of physical liberty

f. Humiliation and indignities,

g. Mental anguish and emotional pain and suffering

h. Loss of wages

i. Loss of business accounts with local Will County Sheriffs and Illinois State Police.

j. Defamation of Character

k. Excessive legal expenses

l. Directly and Indirectly Instituted Financial Hardship against Plaintiff

m. All to his damage in the amount to be ascertained.

205. The action committed by defendants described above were undertaken within the scope of their employment as police officers and Trustees of the Village of Monee, in official capacity each defendant acted under the color of State Law when they violated the Constitution of the United States of America Fourth and Fourteenth Amendments and Illinois law.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers, **"CHIEF CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash, Jones, DRUMM and Trustee's Popp, Farquhar and Stockton, and Martin D. Bachand, Phyllis Bachand, Stanley Catey and Teresa Catey**

b) Award Plaintiff $500,000 compensatory and punitive damages,

c) All pervious Attorney Fees that Plaintiff has incurred for above matters.

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT XXI
## STATE LAW RESPONDENT SUPERIOR CLAIM AGAINST VILLAGE OF MONEE.

206. Plaintiff readopts and restates paragraphs 1 through 203 as paragraph 203 of Count XX.

207. On or around July 09, 2011, July 17, 2011 and August 27, 2011 the acts of the Defendants described in the above state-law claim for malicious prosecution, battery, assault, false arrest conspiracy, fraud, unlawful seizure and defamation of character were willful and wanton, and committed in the scope of employment.

208. By reason of defendant's above-described acts and omissions, Plaintiff's sustained damages and injuries, including but not limited to:

   a. Interfered and prevented the enjoyment of plaintiffs home
   b. Pain and suffering
   c. Loss of physical liberty
   d. Humiliation and indignities,
   e. Mental anguish and emotional pain and suffering
   f. Loss of wages
   g. Loss of business accounts with local Will County Sheriffs and Illinois State Police.
   h. Incarceration
   i. Defamation of Character
   j. Excessive legal expenses
   k. Directly and Indirectly Instituted Financial Hardship against Plaintiff
   l. All to his damage in the amount to be ascertained.

209. The action committed by defendants described above were undertaken within the scope of their employment as police officers and Trustees of the Village of Monee, in official capacity each defendant acted under the color of State Law when they violated the Constitution of the United States of America Fourth and Fourteenth Amendments and Illinois law.

   Pursuant to *respondent superior*, Defendant TOWN OF MONEE is liable for its agent's actions. WHEREFORE, Plaintiff demands:

a) Enter judgment against Defendant-Officers, **"CHIEF CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash, Jones, DRUMM and Trustee's Popp, Farquhar and Stockton,**

b) Award Plaintiff $150,000 compensatory and punitive damages,

c) All pervious Attorney Fees that Plaintiff has incurred for above matters.

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT XXII
### INDEMNIFICATION CLAIM PURSUNAT TO 745 ILCS 10/9-102 AGAINST TRUSTEES", CHIEF CARRUSO, "CHIEF CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones, and DRUMM,

210. Plaintiff readopts and restates paragraphs 1 through 207 as paragraph 207 of Count XXI.

211. The acts of the Defendants described in the above claims were willful and wanton, and committed in the scope of employment.

212. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant TOWN OF MONEE is liable for any judgments for compensatory damages in this case arising from the Defendant-Officers actions.

213. By reason of defendant's above-described acts and omissions, Plaintiff's sustained damages and injuries, including but not limited to:

   a. Interfered and prevented the enjoyment of plaintiffs home
   b. Pain and suffering
   c. Loss of physical liberty
   d. Humiliation and indignities,
   e. Mental anguish and emotional pain and suffering
   f. Loss of wages
   g. Loss of business accounts with local Will County Sheriffs and Illinois State Police.
   h. Defamation of Character
   i. Excessive legal expenses

    j.   Directly and Indirectly Instituted Financial Hardship against Plaintiff

    k.   All to his damage in the amount to be ascertained.

214. The action committed by defendants described above were undertaken within the scope of their employment as police officers and Trustees of the Village of Monee, in official capacity each defendant acted under the color of State Law when they violated the Constitution of the United States of America Fourth and Fourteenth Amendments and Illinois law.

WHEREFORE, Plaintiff asks that this Honorable Court

        a) Enter judgment against Defendant-Officers, **"CHIEF CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones, DRUMM and Trustee's Popp, Farquhar and Stockton, and Martin D. Bachand, Phyllis Bachand, Stanley Catey and Teresa Catey**

        b) Award Plaintiff $150,000 compensatory and punitive damages,

        c) All pervious Attorney Fees that Plaintiff has incurred for above matters.

        d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT XXIII
### 42 U. S C 1983 UNLAWFUL SEIZURE AGAINST", "CHIEF CARRUSO", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones, and DRUMM

215.   Plaintiff readopts and restates paragraphs 1 through 212 as paragraph 212 of Count XXII.

216.   On or around June 26, 2010 defendants **"CHIEF CARRUSO", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones, and DRUMM** violated Plaintiffs Fourth Amendment right to unlawful seizure. Defendant **"CHIEF CARRUSO", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones, and DRUMM** unlawfully towed Plaintiffs vehicle from his private residence and out

of Plaintiff's garage that is attached to his home and without keys. The Unlawful seizure did not meet any of the following requirements:

    a) Furtherance of public safety or community caretaking functions

    b) Violating parking ordinances

    c) Jeopardizing public safety

    d) Efficient movement of vehicular traffic.

217. By reason of defendant's above-described acts and omissions, Plaintiff's sustained damages and injuries, including but not limited to:

    a. Interfered and prevented the enjoyment of plaintiffs home
    b. Pain and suffering
    c. Loss of physical liberty
    d. Humiliation and indignities,
    e. Mental anguish and emotional pain and suffering
    f. Loss of wages
    g. Loss of business accounts with local Will County Sheriffs and Illinois State Police.
    h. Fine to Village of Monee for release of Car $1500.00
    i. Tow Bill in amount of $400.00
    j. Defamation of Character, Excessive legal expenses
    k. Directly and Indirectly Instituted Financial Hardship against Plaintiff
    l. All to his damage in the amount to be ascertained.

218. The action committed by defendants described above were undertaken within the scope of their employment as police officers and Trustees of the Village of Monee, in official capacity each defendant acted under the color of State Law when they violated the Constitution of the United States of America Fourth and Fourteenth Amendments and Illinois law.

WHEREFORE, Plaintiff asks that this Honorable Court

    a) Enter judgment against Defendant-Officers, **"CHIEF CAURSO","MONEE**

    **POLICE", "DRUMM" and Trustee's Popp, Farquhar and Stockton,**

b) Award Plaintiff $100,000 compensatory and punitive damages,

c) All pervious Attorney Fees that Plaintiff has incurred for above matters.

d) Award any further relief that this Honorable Court deems just and equitable.

d) Award any further relief that this Honorable Court deems just and equitable

## COUNT XVX
### STATE LAW CLAIM FALSE IMPRISIONMENT AGAINST Trustee's Popp, Farquhar and Stockton, "CHIEF CAURSO ","CHIEF CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones, and "DRUMM"

219. Plaintiff readopts and restates paragraphs 1 through 216 as paragraph 216 of Count XXIII.

220. On or around July 11, 2009, July 10, 2010 and July 9, 2011 Defendants **CHIEF CARUSO, "CHIEF CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones, and DRUMM** threatened Plaintiff that they were about to arrest without a warrant or probable cause.

221. Plaintiff contacted his attorney and was advised by legal council to exit the exterior of his 3 acre estate and enter his home for safety.

222. Detective Blake positioned himself at Plaintiffs Patio Door with his hand on his Gun.

223. **"MONEE POLICE"** positioned themselves at Plaintiffs Front Door with his Gun removed from his hoster.

224. Defendants **CHIEF CARUSO, "CHIEF CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones, and DRUMM** told Plaintiff if he came out of his house that he would be arrested.

225. Plaintiff on the above dates had Family, Friends, and business associates between 55 to 75 attendees.

226. Defendants **CHIEF CARUSO, "CHIEF CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones, and DRUMM** intentionally by acts or threats caused Plaintiff to be totally confined for an unreasonable amount of time.

227. Plaintiff was not free to leave his home and service his Guest.

228. Plaintiff did not consent to the confinement and defendants did not have legal justification for the confinement.

229. Plaintiff had contemporaneous knowledge of the confinement while being confined.

230. By reason of defendant's above-described acts and omissions, Plaintiff's sustained damages and injuries, including but not limited to:

    a.  Interfered and prevented the enjoyment of plaintiffs home
    b.  Pain and suffering and Loss of physical liberty
    c.  Humiliation and indignities,
    d.  Mental anguish and emotional pain and suffering
    e.  Loss of business accounts with local Will County Sheriffs and Illinois State Police.
    f.  Embarrassment, Defamation of Character, Excessive legal expenses
    g.  Directly and Indirectly Instituted Financial Hardship against Plaintiff
    h.  All to his damage in the amount to be ascertained.

231. The action committed by defendants described above were undertaken within the scope of their employment as police officers and Trustees of the Village of Monee, in official capacity each defendant acted under the color of State Law when they violated the Constitution of the United States of America Fourth and Fourteenth Amendments and Illinois law.

WHEREFORE, Plaintiff asks that this Honorable Court

    a) Enter judgment against Defendant-Officers, **"CHIEF CARUSO","CHIEF CIPKAR", Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones, "DRUMM" and Trustee's Popp, Farquhar and Stockton,**

    b) Award Plaintiff $100,000 compensatory and punitive damages,

    c) Award a Fine against the Village of Monee in the amount of $1,000,000 to prevent such malice behavior in the future.

d) All pervious Attorney Fees that Plaintiff has incurred for above matters.

e) Award any further relief that this Honorable Court deems just and equitable.

f) Award any further relief that this Honorable Court deems just and equitable

Kenneth N. Thompson SR

Pro Se
Kenneth N. Thompson, SR
6644 Maple Ct
Monee, Il 60449
PH: 708-224-4647
FX: 708-224-4648

Keenan T. Thompson

Pro Se
Keenan T. Thompson
6644 Maple Ct
Monee, Il 60449
PH: 773-965-1212
FX: 708-926-2991