**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KENNETH N. THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:12-cv-5020 |
| | ) | |
| v. | ) | |
| | ) | |
| THE VILLAGE OF MONEE, | ) | |
| JOHN CIPKAR, STEPHEN CRESCENTI, | ) | |
| JAMES JONES, and MICHAL DRUMM, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

On June 25, 2012, Plaintiff Kenneth N. Thompson filed a lawsuit against Defendants Village of Monee, John Cipkar, Stephen Crescenti, James Jones, and Michael Drumm.[1] On February 27, 2014, Plaintiff Kenneth N. Thompson, brought a nine-count Fourth Amended Complaint against Defendants Village of Monee, individual Monee police officers, and Monee's Chief of Police alleging deprivation of his constitutional rights under 42 U.S.C. § 1983, as well as state law claims. (*See* R.120, ¶¶ 64-69 (Count III – Excessive Force); *id.*, ¶¶ 70-77 (Count IV – Unreasonable Search and Seizure); *id.*, ¶¶ 97-102 (Count VIII – *Monell* Claim); *id.*, ¶¶ 70-77 (Count IX – Statutory Indemnification)).[2] On June 17, 2015, the Court granted Defendants' summary judgment on Counts III, IV and VIII, dismissed Count IX (R.210, 211), and entered judgment in favor of the Defendants (R.212). Defendants, as the prevailing party, now seek

---

[1] The Court dismissed additional Defendants and claims listed in Plaintiff's originally filed complaint. *See e.g.,* R.166, R.162, R.153, R.113.

[2] Plaintiff voluntarily dismissed with prejudice Counts I, II, V, VI, and VII of the Fourth Amended Complaint. (*See* R.162; R.166.)

$7,009.95 in costs pursuant to Federal Rule of Civil Procedure 54(d)(1). (R.213, Bill.) For the reasons below, the Court grants in part and denies in part Defendants' motion.

## LEGAL STANDARD

Rule 54(d)(1) provides that "costs other than attorney's fees—should be allowed to the prevailing party." *See* Fed. R. Civ. P. 54(d)(1); *see also Goldberg v. 401 N. Wabash Venture LLC*, No. 09 C 6455, 2013 WL 4506071, at *1 (N.D. Ill. Aug. 23, 2013.) The list of recoverable costs pursuant to 28 U.S.C. § 1920, includes: (1) fees of the clerk and marshal, (2) fees for transcripts, (3) witness fees and expenses, (4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees under 28 U.S.C. § 1923, and (6) compensation for court-appointed experts and interpreters. *See U.S. Neurosurgical, Inc. v. City of Chicago*, 572 F.3d 325, 333 (7th Cir. 2009); *Republic Tobacco Co. v. North Atl. Trading Co., Inc.*, 481 F.3d 442, 447 (7th Cir. 2007). Rule 54(d)(1) "provides a presumption that the losing party will pay costs but grants the court discretion to direct otherwise." *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006); *see also U.S. Neurosurgical*, 572 F.3d at 333. Taxing costs against the non-prevailing party requires two inquiries—whether the cost is recoverable and whether the amount assessed is reasonable. *See Little v. Mitsubishi Motors N. Am., Inc.*, 514 F.3d 699, 702 (7th Cir. 2008) (per curiam). District courts have considerable discretion in determining whether a particular costs is reasonable and necessary. *See U.S. Neurological*, 572 F.3d at 333.

## ANALYSIS

Defendants seek costs for deposition transcripts, subpoena and witness fees, copies of state court records, and printing and photocopy costs that totals $7,009.95. (*See generally*, R.214.) Thompson does not provide specific arguments for any of Defendants' categories of alleged incurred costs in regard to their reasonableness or necessity under the law. Instead,

Thompson makes a general objection to inclusion of five defendants who Thompson voluntarily dismissed with prejudice during the litigation. (*See generally*, R.216.)[3] Specifically, Thompson contends that it is error to include costs incurred by his voluntary dismissal of Defendants Chad Blake, Brent Cash, John Fowler, Anthony Lazzaroni, and Russel Caruso. (R.216, at 3.) In support of his position, Thompson references excerpts from his motions for voluntary dismissal stating "each party to bear their own costs and attorneys fees." (*See* R.160, Motion for Voluntary Dismissal of Defendants Blake, Cash, Fowler, and Lazzaroni; R.162, Motion for Voluntary Dismissal of Defendant Caruso.) Thompson then provides a breakdown of Defendants' submitted costs by pro rata shares, subtracting out each of the voluntarily dismissed Defendants' pro rata shares from any expenses incurred after the respective date of dismissal. (*See* R.216-1.) Thompson's argument for pro rata apportionment fails for at least two reasons.

First, Thompson's argument presumes that the voluntary dismissal of the Defendants in this case warrants a pro rata apportionment of the costs, yet he provides no explanation or evidence to support his method of apportionment as applied to this case. Thompson cites *DeKalb Genetics Corp. v. Pioneer Hi-Bred Int'l, Inc.*, 2002 WL 31109373 (N.D. Ill. Sept. 23, 2002) (citing *In re Air Crash Disaster*, 687 F.2d 626 (2d Cir. 1982)) in alleged support of his position. Thompson's reliance on *DeKalb Genetics* and *In re Air Crash Disaster*, however, is misplaced. In *In re Air Crash Disaster*, the Second Circuit stated that "[t]he costs awarded by the district court were not limited to allowable expenses incurred solely on behalf of the non-settling plaintiffs but included expenses incurred on behalf of plaintiffs who agreed that Eastern would not be required to pay their costs." 687 F.2d at 629. This differs from the situation that

---

[3] Thompson's additional objections to the bill of costs based on his Rule 59(e) motion that requested reconsideration of the Court's summary judgment ruling are considered moot as the Court denied Thompson's Rule 59(e) motion. (*See* R.219.)

3

applies here because Defendants submitted memorandum and supporting exhibits demonstrating the costs incurred in litigation and Plaintiffs do not provide any explanation for how the costs and fees Defendants submitted relate to the individual Defendants voluntarily dismissed as opposed to those that remained in the litigation. *See Hutchison v. Amateur Elec. Supply, Inc.*, 42 F.3d 1037, 1048 (7th Cir. 1994) (internal citation omitted) ("Counsel who oppose fees have a 'responsibility to state objections with particularity and clarity.'") Indeed, Thompson's spreadsheet exhibit does not provide any substantive explanation for how each cost relates to each Defendant, nor does it voice an objection that Defendants provided explanations are insufficient. Thompson's spreadsheet merely presents the mathematical results from application of his pro rata apportionment method across the litigation timeline. Defendants respond that the Village incurred the enumerated costs in defense of Plaintiff's claims, including Plaintiff's *Monell* claim which was not limited to any particular Defendant. Indeed, as Defendants note, they relied on both Caruso and Lazzaronia in their summary judgment motion, despite the fact that Plaintiff had, at that time, voluntarily dismissed these two Defendants. This highlights the relevancy and necessity of each Defendant to the disputed issues in the case—regardless of whether they ultimately remained in the litigation or Plaintiff voluntarily dismissed them.

Furthermore, Thompson relies on a truncated quotation from the Second Circuit in *In re Air Crash Disaster*, and asserts that the case stands for a proposition that it does not. According to Thompson, the district court in *DeKalb Genetics* explains the Second Circuit case, stating:

> In *In re Air Crash Disaster at John F. Kennedy International Airport on June 24, 1975,* 687 F.2d 626 (2d Cir. 1982), 36 individual plaintiffs went to trial and obtained a jury verdict in their favor against an airline arising out of an airplane crash. After the trial, but before the clerk taxed costs, 17 of the 36 plaintiffs settled with the airline but stipulated that the settlement was "without costs." In awarding costs to the remaining 19 plaintiffs, the airline asked the district court to make a *pro rata* reduction for those plaintiffs who had settled. The district court disagreed and awarded costs to all of the 36 plaintiffs who had gone to trial. On

4

> appeal, the Second Circuit reversed, holding it was error for the court to include in its award of costs those expenses incurred on behalf of both the non-settling and settling plaintiffs. *See id.* at 629. This makes perfect sense …

(R.216, at 2 (citing *DeKalb Genetics*, 2002 WL 31109373, at *1).) As Thompson presents the case, the discussion ends there, however, the *DeKalb Genetics* court continues:

> "… This makes perfect sense but is beside the point in this case. Here, there is no doubt that [the defendant] incurred all of the costs included in its consolidated Bill of Costs, and that those costs were reasonable and necessary for the [two cases]. To make a *pro rata* reduction of the costs as [the plaintiff] suggests would deny [the defendant] the costs that it undeniably incurred in the [two] cases … It is entitled to the full amount of its costs in those cases."

*DeKalb Genetics*, 2002 WL 31109373, at *1. Defendants argue the same reasoning the *DeKalb Genetics* court used applies here.[4] The Court agrees. Defendants have submitted a supporting memorandum with exhibits—billing statements, invoices, and receipts—listing the costs they incurred over the course of this litigation and explaining that the inclusion of a *Monell* claim opens up the universe of relevant information beyond any specific Defendant. Plaintiff, on the other hand, does not provide any explanation for the reasonable basis of its *pro rata* apportionment and the Court, in its discretion, finds a pro rata share in this case would be unreasonable and therefore, denies to reduce Defendants' costs in that manner.

Second, Thompson relies, not on the Court's order dismissing the certain Defendants, but on the language in his motion's request for relief. (*See* R.216, at 3 (citing R.160, R.164).) Indeed, neither of the Court's orders upon which Thompson relies echo the language of Thompson's motions. (*See* R.162; R.166.) The Court's orders state: "Defendants Chad Blake, Brent Cash, John Fowler and Anthony Lazzaroni and Counts five, six and seven are dismissed with prejudice" (R.162) and "Defendant Russell Caruso … [is] dismissed with prejudice"

---

[4] Defendant mentions in a footnote that *DeKalb Genetics* declined to follow *In re Air Crash Disaster* "for reasons not relevant here", but does not provide any explanation or analysis as to what those reasons are and how they are not relevant. (*See* R.216, at 2, n. 1.)

(R.166). Thompson submitted the second motion as an "Agreed Voluntary Dismissal of Defendant Russell Caruso." (R.164.) To categorically deny the costs that "shall be allowed as of course to the prevailing party unless the district court otherwise directs", based on the language in Thompson's motions alone would be improper. Indeed, Rule 54(d), creates a presumption that prevailing parties will recover their costs. *Migon v. Thorek Hosp. & Med. Ctr.*, No. 86 C 5280, 1991 WL 10679, at *1 (N.D. Ill. Jan. 15, 1991) (*Delta Air Lines, Inc. v. August,* 450 U.S. 346, 351 (1981); *Congregation of the Holy Passion of Touche, Ross & Co,* 854 F.2d 219, 221–22 (7th Cir. 1988)). The Court's order dismissed the certain Defendants with prejudice and the Seventh Circuit has found that under such circumstances, a prevailing party is entitled to costs. *See Szabo Food Service, Inc. v. Canteen Corp.,* 823 F.2d 1073, 1076–77 (7th Cir. 1987) (holding that after voluntary dismissed, defendants were the prevailing party for purpose of Rule 54(d)); *see also First Commodity Traders, Inc. v. Heinold Commodities,* 766 F.2d 1007, 1015 (7th Cir. 1985) (following voluntary dismissal of the plaintiff's claim without prejudice, defendant was prevailing party entitled to costs). *See also, Migon*, 1991 WL 10679, at *1 ("[p]laintiffs' dismissal of their claim with prejudice, does not preclude an award of costs to the defendants"). The situation is different, however, for the agreed voluntary dismissal of Defendant Caruso. Defendants do not respond to Thompson's assertion that the language of the motion reflects an intention to forgo all costs and fees related to the voluntarily dismissed Defendant and instead focus on the inapplicability of the pro rata apportionment. Indeed, of all the Defendants voluntarily dismissed from the case, Caruso is the only one for which Defendants have a separate cost listed—list of deponents showing "Russel Caruso" deposed on "11.24.14." (R.214, at 3.) No categorical charges are listed for the remaining voluntarily dismissed Defendants, and even if they were, the parties—namely Defendants—did not agree to the motion

and its requested relief. Based on the parties' agreement in voluntary dismissal of Caruso "with each party to bear their own costs and attorneys fees", the Court reduces Defendants' deponent cost by $172.50—the amount for Mr. Caruso's deposition. (*See* R.214, at 3.)

Because Plaintiff does not provide any additional arguments or objections to any of the specific categories of expenses or associated costs beyond his general objection to inclusion of costs for the dismissed Defendants addressed above, the Court treats the remaining categories and expenses as unchallenged. *See Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005) ("There is a presumption that the prevailing party will recover costs, and the losing party bears the burden of an affirmative showing that taxed costs are not appropriate"); *see also Kurgan v. Chiro One Wellness Ctrs. LLC*, No. 10-CV-1899, 2015 WL 1850599, at *4 (N.D. Ill. Apr. 21, 2015) (finding that where no objection to reasonableness is made, a court is justified in adopting rates as requested). Accordingly, the Court awards Defendants all requested fees—minus the cost of the Caruso deposition, totaling $6,837.45.

## CONCLUSION

For the forgoing reasons, the Court grants in part and denies in part Defendants' motion and awards costs in the amount of $6,837.45 to Defendants.

DATED: January 12, 2016           ENTERED

                                                              _____
                                                              AMY J. ST. EVE
                                                              United States District Court Judge